[Civ. No. 16103.   First Dist., Div. Two.   Dec. 16, 1954.]

WILLIAM MULLER, Appellant, v. JUSTICE'S COURT OF THE THIRD TOWNSHIP, SAN MATEO COUNTY, etc., Respondent.

William Muller, in pro. per., for Appellant.

Keith C. Sorenson, District Attorney, and Brooks Ice, Deputy District Attorney, for Respondent.

KAUFMAN, J.—This is an appeal from a judgment entered on October 1, 1952, denying a peremptory writ of mandate to compel the dismissal of an action pending in justice court against petitioner, William Muller. The record on appeal is in the form of an amended engrossed statement. The dismissal was sought on the ground that the prosecution had not afforded petitioner a speedy trial inasmuch as the prosecution had failed to bring the action to trial within 30 days after defendant was arrested and brought within the jurisdiction of the court, nor within 30 days after the removal of the cause to the Justice Court of the Third Township, County of San Mateo, following the granting of petitioner's motion for change of venue.

Section 1382, Penal Code, requires that the "court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . (3) Where the trial has not been postponed upon the defendant's application, if the defendant in a misdemeanor case in an inferior court, is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court, . . ."

On April 24, 1952, a criminal complaint charging a violation of section 499 of the Penal Code, a misdemeanor, was signed and filed in the Justice Court of the Fourth Township, County of San Mateo, and petitioner was arrested on April 27. He appeared for arraignment on May 2, 1952. No appearance was made by the district attorney and the matter was continued to May 16. Petitioner on May 9 filed in open court a motion to quash execution of warrant of arrest and to exonerate cash bail which was denied. Also on that date he filed a written motion requesting the presence of a court reporter at all oral proceedings, which was partly heard and denied.

On May 16, petitioner filed a "Motion to Set Aside and Quash Criminal Complaint," as well as a demurrer. These matters were partly heard and both were denied. He then, on the same date, entered his plea of not guilty, and the case was set for trial by the court for June 20, 1952, because, as stated by the court, an earlier date within 30 days of May 16 would interfere with the court's traffic calendar. It is stated in the engrossed statement that defendant did not waive his right to be tried within the 30 day period orally or otherwise. However, there is nothing in the record to show that he objected, and it has been held that when the case is set for trial in the presence of defendant and his counsel (here, defendant is his own counsel) and no objection is made that it is beyond the statutory period, the objection is deemed waived. (*Krouse* v. *Justice's Court,* 103 Cal.App.2d 311, 314 [229 P.2d 806].) Furthermore, at this point, good cause for the delay of a few days was stated by the court.

On June 9, 1952, petitioner filed and served a written motion for a continuance which, on June 11, was heard and denied.

On June 19, 1952, petitioner made a motion for change of venue, which on June 20 was granted, and the case ordered transferred to the Justice Court of the Third Township of San Mateo County.

On August 21, 1952, the notice of motion to dismiss the action for want of prosecution was filed and served, as well as a notice of motion for reduction of bail. On August 25, the motion to dismiss was denied; the motion to reduce bail was granted and bail reduced from $500 to $50. The case was then set for trial for September 17, over the objection of petitioner based on the same ground as his prior motion to dismiss. Petitioner then applied for an alternative writ of mandamus which was granted on September 2, 1952. On September 10 an order staying proceeding of Justice's Court of the Third

Township, County of San Mateo, pending decision in mandamus petition hearing was filed and served. On October 1, 1952, judgment denying the peremptory writ of mandate was made and filed.

Petitioner had, however, on May 29, 1952 filed a petition for a writ of prohibition in the Superior Court of San Mateo County against the Justice Court of the Fourth Township to restrain that court from further proceedings against him. He did not ask in the petition for the writ for a stay of proceedings in the lower court and none was made by the superior court during the pendency of the prohibition proceeding.

On June 15, 1952, the application for an alternative writ of prohibition was denied, and on July 28, 1952, the "Judgment Denying Issuance of Alternative Writ of Prohibition" was made and entered in the superior court.

It can thus be seen that although the trial had been set for June 20, petitioner on that day prevented a trial of the case because on the previous day he had filed the motion for change of venue which was heard and granted on June 20. Meanwhile he had instituted proceedings in prohibition seeking to prevent any trial being held. Although he states that he did not ask for an order staying proceedings of the lower court in his application for the writ, it would have been very impractical for the prosecution to proceed with a trial until judgment was rendered in the prohibition proceeding. Certainly the fact that this proceeding was pending is a showing of good cause for not proceeding with the trial within 30 days after June 20, the date when the motion for change of venue was granted. That cause had been created by petitioner. Although the application for the alternative writ was denied on June 15, the judgment denying the writ was not made or entered until July 28. It was less than 30 days after the date of entry of judgment denying the writ, namely, on August 21, that petitioner filed his motion to dismiss for want of prosecution. On August 25 the motion was heard and denied and trial set for September 17.

It was held in *People* v. *Duffy*, 110 Cal.App. 631 [294 P. 496], that where defendants were given the opportunity of being tried within the statutory period, but by changing their pleas they themselves caused a long delay in bringing the case to trial, they could not complain. (See also *Ray* v. *Superior Court*, 208 Cal. 357 [281 P. 391].) It was said in *In re Lopez*, 39 Cal.2d 118, 120 [245 P.2d 1], that defendant is not entitled to go to trial as of right on the day to which

he last consented if good cause appeared for further delay, and that the question of what is a speedy trial depends on the circumstances of each case bearing on the factors of good cause for postponement.

Petitioner cites numerous authorities in his lengthy brief which he contends uphold his position, but they are distinguishable on the facts from the present case, and discussion of them is therefore unnecessary.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied January 14, 1955, and appellant's petition for a hearing by the Supreme Court was denied February 10, 1955.