[Civ. No. 33261. First Dist., Div. One. Nov. 27, 1973.]

ROBERT MATTHEWS et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Philip Scott Ryan and Michael H. Metzger for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Gloria F. DeHart and Rodney J. Blonien, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**MOLINARI, P. J.**—In this proceeding we issued an alternative writ of mandate directed to respondent court to show cause why the information filed against petitioners should not be dismissed on the ground that they have been denied a speedy trial.

Each of petitioners, in an information filed in respondent court on November 9, 1970, were charged with violating several sections of the Health and Safety Code. Petitioners were arraigned and trial was set for December 14, 1970. On November 13, 1970, petitioners moved to set aside the information pursuant to Penal Code section 995.[1] The motion was denied on December 8, 1970, and petitioners applied to the Court of Appeal for a writ of prohibition challenging said denial. On December 17, 1970, the Court of Appeal stayed the trial pending its determination of the respective petitions. An alternative writ of prohibition was issued on April 27, 1971. The alternative writ was discharged and the peremptory writ was denied on September 29, 1971. The Supreme Court denied petitioners' request for a hearing on November 24, 1971.

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

On March 27, 1973, petitioners were ordered to and did appear in respondent court for resumption of the criminal proceedings. At that time petitioners orally moved to dismiss the information on the grounds that they were denied a speedy trial as guaranteed by the Constitution of the United States and the Constitution of the State of California. This motion was denied on May 23, 1973, whereupon the instant proceedings ensued.

In denying the motion to dismiss respondent court determined that the prosecution had shown no justification or reason for the 16-month delay following denial of the petition for writ of prohibition but concluded that petitioners had waived their right to a speedy trial on December 18, 1970, when certain proceedings were had in respondent court. On that day the district attorney advised respondent court that on the previous day the Court of Appeal had issued a stay of the trial and also informed the court that on that day he had filed an amended information which was identical to the original information except for the allegation of prior convictions with respect to petitioner Matthews. The following colloquy then ensued between court and counsel: "MR. JOHNSON [District Attorney]: May we have a time waiver of the defendants that are desirous of waiving time? THE COURT: Each of you, Miss Cantor, Mr. Stanley, and Mr. Matthews, are entitled to go to trial within sixty days of the date of the filing of the amended Information, which is today. Do you wish to waive time in the matter and be tried at a later date? MR. METZGER [Counsel for petitioner Stanley]: We join in that waiver, Your Honor. THE COURT: Do you wish to waive time? MR. RYAN [Counsel for petitioners Cantor and Matthews]: Yes, Your Honor. THE COURT: Time is waived."

The basis for the denial of the motion to dismiss was stated to be the experience of respondent court that when a waiver of the statutory period provided for in Penal Code section 1382 occurred, such waiver constituted a relinquishment, until withdrawn, of any rights to a speedy trial under the federal and state Constitutions. The trial court determined that petitioners had never withdrawn the time waiver made on December 18, 1970. In making its ruling the trial court acknowledged that there had been no express waiver of the federal constitutional right to a speedy trial.

Petitioners contend that respondent court had no jurisdiction on December 8, 1970, to accept the time waiver and that they did not waive their right to a speedy trial.

█ We consider, first, the jurisdiction question. The essence of petitioners' contention in this respect is that respondent court was powerless

to act because at the time it secured the waiver the Court of Appeal had granted a stay in the proceedings. The appellate court's order of December 17, 1970, stated as follows: "Pending our consideration of the petitions for writs of prohibition on their merits and our rulings thereon, . . . *the trial . . .* is hereby stayed. The order is without prejudice to said court proceeding with the hearing of any motion to suppress evidence under Penal Code section 1538.5." (Italics added.) It is clear from the context of this order that its purport was to stay the trial of the action until the appellate court determined the propriety of the order denying the motion under Penal Code section 995, and to make it clear that such order would not prevent the trial court from proceeding with the hearing of any motion to suppress evidence under section 1538.5 which might cover issues that were involved in the motion under section 995.

We perceive that an express waiver was unnecessary or required during the time that the petition for writ of prohibition was pending in the appellate court because the filing of such petition constituted "good cause" for delaying the trial and, accordingly, in itself constituted a waiver of the right to be tried within the 60-day period. Accordingly, to the extent that the waiver purported to waive the time for trial during the pendency of the petition for a writ of prohibition in the reviewing court it was superfluous. The express waiver, however, was not, by its terms, limited in duration and was broad enough to encompass a period beyond the appellate court's resolution of the petition for a writ of prohibition. We apprehend that such a waiver was collateral to the pending prohibition proceeding and that respondent court, therefore, had jurisdiction to entertain a waiver beyond the time during which the reviewing court would act. Our inquiry is directed to the effect of the waiver in the context of what transpired subsequent to the Court of Appeal's determination of the petitions for writs of prohibition.

We here note that at the time of the express waiver respondent court advised petitioners that they were entitled to go to trial within 60 days of the filing of the amended information on December 18, 1970. This advice was incorrect for two reasons. In the first place, petitioners were not entitled to go to trial as long as the appellate court stay was in effect. Secondly, since the amended information only added allegations of prior offenses as to one defendant and the substance of the charging allegations on the criminal charge were not altered or amended, petitioners were entitled, absent the stay, to go to trial within 60 days of the filing of the original information. (*Huerta* v. *Superior Court,* 18 Cal.App.3d 482, 485 [95 Cal.Rptr. 748].) We observe, too, that it appears from the record of the proceedings

had on December 18, 1970, that court and counsel were under the erroneous impression that, because an amended information was filed subsequent to the issuance of the stay by the appellate court which related to proceedings attendant the original information, a waiver of time of trial was necessary while the petitions for writs of prohibition were pending in the reviewing court.

█ We have concluded that, notwithstanding the subject waiver, petitioners were, nevertheless, entitled to a speedy trial under the federal and state Constitutions and that the apparent waiver of the 60-day provision in section 1382 may not be deemed to have been an indefinite waiver subject to termination when formally withdrawn by petitioners.

█ The right to a speedy trial is guaranteed by article I, section 13 of the California Constitution and is given definitiveness by section 1382, which provides, in relevant part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, . . . and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

The right to a speedy trial is also guaranteed to a defendant by the Sixth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment to that Constitution. (*Klopfer* v. *North Carolina*, 386 U.S. 213, 222-223 [18 L.Ed.2d 1, 7-8, 87 S.Ct. 988]; *Sykes* v. *Superior Court*, 9 Cal.3d 83, 88 [106 Cal.Rptr. 786, 507 P.2d 90].) Under the federal guarantee, however, the essential ingredient is orderly expedition rather than mere speed. (*United States* v. *Ewell*, 383 U.S. 116, 120 [15 L.Ed.2d 627, 630-631, 86 S.Ct. 773].)

Pursuant to the provisions of section 1382, subdivision 2, a dismissal is "mandated in those situations covered by the statute if, at the time a defendant moves therefor, the 60-day period has elapsed and good cause for the delay is not shown by the prosecution." (*Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 88-89.) "In these circumstances the defendant is not required

to make any further showing, and in particular he is not required to make an affirmative showing that he has been prejudiced by the delay. [Citations.]" (*Sykes* v. *Superior Court, supra,* at p. 89.) It should be noted, however, that notwithstanding any statutory rights the speedy trial constitutional provisions are self-executing and independent of statutory implementation. (*Sykes* v. *Superior Court, supra; People* v. *Guaracha,* 272 Cal.App.2d 839, 853 [77 Cal.Rptr. 695].)

■ In the present case the information was filed on November 9, 1970. Pursuant to the provisions of subdivision 2 of section 1382 petitioners were required to be brought to trial by January 9, 1971, in the absence of a consent by petitioners to be tried on a date beyond the 60-day period. When petitioners filed their petitions for writs of prohibition in the appellate court on December 8, 1970, and that court issued its order on December 17, 1970, staying the trial, there was "good cause" for not proceeding with the trial within the 60-day period and so long as the stay remained in effect. (See *Muller* v. *Justice's Court,* 129 Cal.App.2d 570, 572 [277 P.2d 866].)[2]

Directing our attention once again to the purported waiver made by petitioners on December 18, 1970, we hold that such a waiver was ineffective because it was not in compliance with the provisions of subdivision 2 of section 1382. That statute specifically provides that when a cause is continued for trial beyond the 60-day period with the consent of the defendant, express or implied, the consent is to the continuance for trial to a date certain and such consent precludes a dismissal "if the defendant is brought to trial *on the date so set for trial* or within 10 days thereafter." (Italics added.) Here the consent obtained was for an indefinite postponement and no date for trial was set when the consent was given.

Petitioners' petitions for writs of prohibition were ultimately determined adversely to them on November 24, 1971. Petitioners were not ordered to appear in respondent court for resumption of the criminal proceedings until March 27, 1973. We observe that section 1382 makes no provision as to when a defendant is to be tried after a petition for writ of prohibition filed by him has been denied as it does in cases of mistrial, entry of an order granting a new trial or the filing of a remittitur in the trial court when a conviction has been reversed on appeal.

---

[2]In *Muller* v. *Justice's Court, supra,* it was held that even where no stay is granted there is a showing of "good cause" when proceedings in prohibition seeking to prevent any trial being held are instituted because it was very impractical for the prosecution to proceed with a trial until judgment was rendered in the prohibition proceeding. (At p. 572.)

In *Sykes,* where the petitioner had filed a petition for a writ of habeas corpus resulting in the setting aside of a judgment of conviction and the guilty plea upon which it was based and an order was issued that petitioner be rearraigned for plea, it was held that, although the 60-day provision of section 1382, subdivision 2, did not on its face apply to the situation there presented, the necessary legislative inference is that a trial delayed more than 60 days without good cause is not a speedy trial. (9 Cal.3d 83, at p. 89.) Accordingly, the Supreme Court, invoking the self-executing provisions of the Constitution, concluded that a person who has been released on a writ and ordered to be rearraigned for plea and retried on the original charges "has the same interest in a speedy trial as do persons whose circumstances come within the express provisions of the statute." (*Sykes* v. *Superior Court, supra,* at pp. 89, 92.) In reaching this conclusion the reviewing court stated: "We can thus perceive of no reasonable justification for excluding from the 60-day provision those defendants who establish their right to a retrial by way of a writ as distinguished from those who establish such right by other legal processes. Such a classification would not reasonably relate to any legitimate public purpose and for that reason would be arbitrary and a denial of equal protection." (*Sykes* v. *Superior Court, supra,* at p. 92.)

■ The rationale of *Sykes* is applicable in the instant case. We accordingly hold that where proceedings in prohibition are instituted by an accused and during the pendency of such proceedings the appellate court issues an order staying the trial, the accused, upon the denial of such petition for prohibition and the concomitant termination of the stay, must be brought to trial within 60 days from the date of the order denying the petition. In the case at bench eight times the statutory period of 60 days elapsed between the denial on November 24, 1971, of petitioners' request for a hearing by the Supreme Court after the Court of Appeal's denial of the petitions for writs of prohibition and March 27, 1973, when petitioners were ordered to appear for a resumption of the criminal proceedings. Petitioners made their motion for dismissal after the statutory period expired and prior to a date being set for retrial. Under these circumstances any presumption of waiver which might be drawn from the failure to object when the trial date is set beyond the statutory period is not applicable. (*Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 93-94.)

■ The People have failed to establish good cause for the untimely delay in bringing petitioners to trial. Moreover, respondent court expressly found that the prosecution made no showing of any justification for the 16-month delay. Under these circumstances petitioners were denied the speedy trial contemplated by the federal Constitution and the California

Constitution. Accordingly, respondent court was compelled to grant petitioners' motion to dismiss the pending charges.

Let a peremptory writ of mandate issue directing the dismissal of the information filed against petitioners.

Sims, J., and Elkington, J., concurred.