Opinion
BERNSTEIN, J.
In 1979 the Legislature enacted a statutory scheme[1] (“special proceedings in cases involving domestic violence”) embodied in Penal Code[2] sections 1000.6 to 1000.11, inclusive,[3] which provides for the *Supp. 42 diversion of certain misdemeanor defendants charged with crimes involving *Supp. 43 “domestic violence.”[4] For the most part, these statutes run parallel to the statutes which comprise the better-known statutory scheme for diversion of defendants charged with minor drug violations (“special proceedings in narcotics and drug abuse cases;” §§ 1000-1000.3, 1000.5).
The instant case requires that we determine the effect of certain proceedings required by the domestic violence diversion statutes on a misdemeanor defendant’s statutory speedy trial rights under section 1382, subdivision 3.[5] *Supp. 44 Specifically, we must decide whether, and to what extent, a defendant’s rights under section 1382, subdivision 3 are modified when said defendant is considered for diversion pursuant to the provisions of section 1000.7, subdivision (b),[6] but subsequently is not diverted.
Section 1000.7 requires that a defendant who wishes to be considered for diversion waive his or her right to a speedy trial during the pendency of the investigation into that defendant’s suitability for diversion by the probation department. If, following the probation department’s investigation, the defendant is found by the court to be a person who would be benefited by diversion, the defendant must, to be diverted, waive speedy trial rights for the duration of the diversionary proceedings (§ 1000.8, subd. (a)).[7] On the other hand, if, following the investigation of the defendant by the probation department, “the court does not deem the defendant a person who would be benefited by diversion, or if the defendant does not consent to participate, the proceedings shall continue as in any other case.” (§ 1000.8, subd. (a).) It is in the context of the latter situation that we must construe the elfect of section 1382, subdivision 3 in disposing of the instant appeal.
Facts
On December 26, 1980, appellant, Eugene Denman, then in custody, was arraigned on a misdemeanor complaint charging him with violations of sections 242 (battery), 273.5 (infliction of corporal injury upon spouse), and 245, subdivision (a) (assault with a deadly weapon).[8] Appellant entered a not guilty plea and did not waive his right to a trial within 30 days of the date of his arraignment (§ 1382, subd. 3). Trial was set for January 15, 1981, a date within the 30-day period. The public defender represented appellant at arraignment. On January 15, 1981, appellant moved to continue the trial to January 19, 1981, a date still within 30 days of December 26, 1980. The motion was granted.
On January 19, 1981, with appellant’s consent, the cause was referred to the probation department, pursuant to the provisions of section 1000.6, subdivision (b), for an investigation of appellant’s suitability for diversion. Appellant on this occasion, waived his right to a speedy trial as required by section 1000.7, subdivision (b) (see fn. 3, ante).
*Supp. 45 On February 18, 1981, the probation department filed its report of its investigation of appellant. For reasons not altogether clear from the record, appellant was not diverted. The court thereupon purported to “trail” the matter to the following day for “trial setting.”
On February 19, 1981, appellant requested that the public defender be relieved. This request was granted, and thereafter appellant remained in pro. per. status for the duration of the proceedings in the lower court. On the same dates, the municipal court docket reflects appellant’s case was continued to March 12, 1981, “on motion of the defendant.”[9]
At the proceedings of March 12, appellant insisted that contrary to the February 19 docket entry, he had not moved for any continuance on that date, nor had he done so at any time other than the period from January 19 through February 18 (while he was being considered for diversion). The following colloquy ensued:
“The Court: Apparently arraignment was December the 26th at that time in custody, bail was set at $750.
“All right, assuming that was the case, then the last day on that matter would have been January 25.
“Mr. Pritsker [deputy city attorney]: My records reflect on January the 19th it was continued for diversion until February the 18th.
“The Court: Yes. Indicates here on January the 19th it was continued to February the 18th, making the last day—
“Mr. Pritsker: I assume there was a time—
“The Defendant: No, there wasn’t.
*Supp. 46 “The Court: There was a time waiver, sir, because he wouldn’t have continued it without your agreement.
“The Defendant: They continued it to the 19th.
“The Court: Your not being an attorney, but I am telling you right now legally it was a time waiver. March 2 was the last day at that time.
“Mr. Pritsker: There was a further continuance from the 19th of February to March the 12th.
“The Court: That’s correct.
“Mr. Pritsker: My records don’t reflect on whose motion the case was continued.
“The Court: The record here does not reflect any objection, however. The last day calculated, Mr. Denman, is the 23rd. [of March].” (See footnote 9, ante.)
On March 23, 1981, some 33 days after diversion was denied, appellant’s trial began. Prior to the commencement of trial, appellant renewed his claim that he had at no time (subsequent to Feb. 18) waived his speedy-trial rights; he thereupon moved for dismissal of the charges against him. The court denied appellant’s motion. Upon the conclusion of trial, the court acquitted appellant of counts I and III (infliction of corporal injury on a spouse and assault with a deadly weapon, respectively). However, the court found appellant guilty of count II (battery).
On April 28, 1981, appellant was placed on formal probation for a period of two years on condition he spend fifteen days in the county jail (with credit for nine days served). The jailtime portion of appellant’s sentence was stayed until final disposition of this appeal.

The Decision of January 13, 1983

Our original decision in the instant case (filed on Jan. 13, 1983) held that, in the absence of any contrary authority, section 1382, subdivision 3 required that a defendant, who at one point in the proceedings had consented to a trial date beyond the statutory 30 or 45-day limit, but subsequently objected to any further delay, be brought to trial no later than 10 days from the date upon which the defendant makes known his objection. This holding *Supp. 47 accords with existing law (§ 1382, subd. 3); Owens v. Superior Court (1980) 28 Cal.3d 238, 248-250 [168 Cal.Rptr. 466, 617 P.2d 1098]). Thus, our finding that appellant did not at any time subsequent to denial of diversion “move for a continuance” (see fn. 9, ante), compelled reversal of the judgment, inasmuch as defendant raised timely objections at every opportunity, and moved for dismissal before trial. The People petitioned for rehearing, principally upon their reading of an earlier decision of this court, People v. C. F. Braun & Co. (1977) 71 Cal.App.3d Supp. 12 [139 Cal.Rptr. 857]. Braun dealt with a similar (though not identical) situation to that presented by the case at bar. In Braun, the defendants’ consent to a date beyond the 45-day period applicable in that case was occasioned by a defense petition for extraordinary relief, rather than by proceedings had pursuant to diversionary statutes. The defendants moved for dismissal after more than 30 days had elapsed from the date upon which the California Supreme Court denied their petition for hearing. No express provision appears in section 1382, subdivision 3 or elsewhere regarding the number of days in which a defendant must be brought to trial following denial of pretrial review. The Braun court held that “while section 1382 is the applicable statute, the time within which a matter must be brought to trial in the municipal court, absent waiver or good cause for some longer period, is 45 days when the defendant is not in custody” (71 Cal.App.3d Supp., at p. 15). The court also observed that “[o]ur reasoning hereafter set forth would lead to the conclusion that if a defendant is in custody, a 30-day period would apply” (71 Cal.App.3d Supp., p. 15, fn. 1). As noted heretofore, appellant was in custody at the time of arraignment; as also noted, appellant was not brought to trial until 33 days had elapsed following the denial of diversion. Thus, the reasoning applied in Braun is of no aid to the People with respect to the instant matter. Indeed, dismissal of the charges against appellant would be mandated were we to view Braun as controlling.

The Petition for Rehearing

We granted the People’s petition for rehearing not on the basis of any purported “conflict” with the Braun decision and our original opinion, but to consider the question of the interplay between diversion statutes and section 1382. It appeared to us unfair that the People could be forced into a position whereby they would have to proceed to trial within 10 days from a date upon which it could reasonably have been expected that the proceedings against the defendant would terminate at least for the time being. Moreover, the defendant would be in a position to unilaterally decide whether or not the People would be so compelled, by the simple device of refusing to consent to further diversionary proceedings (§ 1000.8, subd. (a)). The People should not be placed in such a position as the result of proceedings *Supp. 48 undertaken entirely for the defendant’s benefit, and with his initial consent. [10]

Upon Denial or Refusal of Diversion Pursuant to Section 1000.6 et seq., the People Are Entitled to a New 30-day Period in Which to Bring Defendant to Trial

Section 1382, subdivision 3 contains explicit provisions applying to situations wherein a second trial of a defendant on the same charges is contemplated. Specifically, the statute provides that “in case the cause is to be tried again following a mistrial, [or] an order granting a new trial from which an appeal is not taken, or an appeal from the inferior court” the defendant must once again be brought to trial within a 30-day period. The respective dates upon which the 30-day period commences in each of the three situations described by the statute are as follows:
Mistrial—Within 30 days of the date upon which the mistrial is declared;
Order Granting New Trial—Within 30 days of the entry of the order;
Judgment Reversed On Appeal—Within 30 days of the date upon which the judgment becomes final.
A number of cases have arisen in which a defendant’s speedy-trial rights were implicated by procedural situations not expressly covered in section 1382. In Sykes v. Superior Court (1973) 9 Cal.3d 83, 92 [106 Cal.Rptr. 786, 507 P.2d 90], the State Supreme Court held that the statutory period-in that case the 60-day period applicable to felony defendants under section 1382, subdivision 2—applied with equal force to a situation wherein a defendant establishes his right to retrial by means of a habeas corpus proceeding. The court reached this conclusion despite the failure (at that time) of section 1382, subdivision 2 to make any reference to such a proceeding. In Matthews v. Superior Court (1973) 35 Cal.App.3d 589, 595-596 [110 Cal.Rptr. 843], the question arose as to the speedy trial rights, if any, to be accorded a felony defendant who had instituted pretrial proceedings in prohibition. This is yet another situation in which section 1382 is silent. The Matthews court held that: “The rationale of Sykes is applicable in the instant case. We accordingly hold that where proceedings in prohibition are instituted by an accused and during the pendency of such proceedings the appellate court issues an order staying the trial, the accused, upon the denial *Supp. 49 of such petition for prohibition and the concomitant termination of the stay, must be brought to trial within 60 days from the date of the order denying the petition.” (35 Cal.App.3d at p. 596.)
Sykes and Matthews, particularly the latter, appear on point. Both holdings apply section 1382 to situations not expressly controlled by the provisions of that statute.[11]
 Accordingly, we hold that whenever a criminal defendant waives his speedy-trial rights pursuant to the provisions of section 1000.7, subdivision (b) to be considered for diversion under section 1000.8, subdivision (a), but subsequently is not diverted, there commences on the date upon which diversion is denied or refused a new time period within which the defendant, if he does not consent to a longer period, must be brought to trial. Failure to bring such nonconsenting defendant to trial within the new period allotted will require the dismissal of the charges pursuant to the commands of section 1382, subdivision 3 upon defense motion.
There remains the question of the length of the new time period. In the instant case, the People argue that they should be allowed a full 45 days following denial of diversion in which to bring appellant to trial. The People’s reasoning apparently rests upon the premise that, although appellant was arraigned in custody, he was no longer in custody on February 18, 1981, the date upon which diversion was denied. The People would treat the denial of diversion as a kind of “arraignment,” and suggest that the parties are, at that point, in the same position relative to one another as they were at the time of the “real” arraignment.
There is no authority for the People’s position that a defendant may be considered to have been “arraigned” on a date other than the date appellant *Supp. 50 is “really arraigned.” Although Braun, supra, 31 Cal.App.3d Supp. 12, contains some language to the effect that 45 (additional) days should apply to all cases which have not yet been tried, we do not find this reasoning compelling. Moreover, as noted previously herein, Braun explicitly based its result on the custodial status of the defendants at the time of arraignment. There is nothing in Braun to suggest that the court there had any date of arraignment in mind other than the date upon which the defendants were arraigned.
Just as we do not find it equitable that the People could be forced to trial within a 10-day period following denial or refusal of diversion (i.e., as though the period in which diversion is considered were merely a continuance), neither do we think it justifiable to allow them a full 45-day period as though no proceeding at all had yet taken place. Indeed, to even ascertain that a given defendant may be eligible for diversion under the domestic violence diversion statutes, the People must investigate that defendant’s status vis-á-vis the eligibility requirements set forth at section 1000.6, subdivision (a) (for a discussion of the scope of this investigation, see Sledge v. Superior Court (1974) 11 Cal.3d 70, 73-74 [113 Cal.Rptr. 28, 520 P.2d 412]). The People would have the initial 30 or 45 days, followed by yet another 45 days, as well as the period during which a defendant has waived time for diversion consideration, in which to prepare for trial. If 10 days are too few, 90-plus days are too many. The People’s interests are quite adequately protected by the allowance of 30 additional days (for a total of either 60 or 75 days, rather than the present 40 or 55 days which result from an ordinary continuance beyond the statutory period and the 10-day grace period which follows such a continuance.
The judgment is reversed with instructions to dismiss.
Foster, P. J., and Reese, J., concurred.

Statutes 1979, chapter 913, section 1, page 3141 as amended by Statutes 1980, chapter 1158, sections 10 to 13, pages 3882 to 3884.

All Code sections herein refer to the Penal Code.

These Code sections provide as follows:
Section 1000.6. “(a) Upon the determination of the judge presiding, this chapter shall apply whenever a case is before the court upon an accusatory pleading for an act of domestic violence which is charged as, or reduced to, a misdemeanor and all of the following apply to the defendant: (1) The defendant has no conviction for any offense involving violence within seven years prior to the alleged commission of the charged divertible offense. (2) The defendant’s record does not indicate that probation or parole has ever been revoked without thereafter being completed. (3) The defendant has not been diverted pursuant to this chapter within five years prior to the charged divertible offense.
“Notwithstanding the foregoing, the provisions of this chapter are not applicable to a person who is charged with a violation of subdivision (a) of Section 245, Section 273.5, as added by Chapter 912 of the Statutes of 1977.
“(b) The prosecuting attorney shall, and the defense attorney may, review his or her file to determine whether or not paragraphs (1) to (3), inclusive, of subdivision (a) are applicable to the defendant. If the defendant is found eligible, the prosecuting attorney shall notify the court, the defendant, and the defense attorney, and the defense attorney may move that the defendant be diverted pursuant to this chapter. If the defendant is found by the prosecuting attorney to be ineligible for diversion, the prosecuting attorney shall file with the court a *Supp. 42 declaration in writing or state for the record the grounds .upon which the determination is based, and shall make this information available to the defendant and his or her attorney.
“(c) No admission of guilt shall be required of a defendant in order for this chapter to be applicable.
“(d) As used in this chapter ‘domestic violence’ means intentionally or recklessly causing or attempting to cause bodily injury to a family or household member or placing a family or household member in reasonable apprehension of imminent serious bodily injury to himself or herself or another.
“(e) As used in this chapter ‘family or household member’ means a spouse, former spouse, parent, any other person related by consanguinity, or any person who regularly resides or who within the previous six months regularly resided in the household. ‘Family or household member’ does not include a child.”
Section 1000.7. “(a) If the prosecuting attorney determines that this chapter may be applicable to the defendant, he or she shall advise the defendant and his or her attorney in writing of such determination. This notification shall include: (1) A full description of the procedures of diversionary investigation. (2) A general explanation of the roles and authorities of the court, the prosecuting attorney, the probation department, and the community program in the diversion process. (3) A clear statement that the court may decide in a hearing not to divert such person and that he or she may have to stand trial for the alleged offense. (4) A clear statement that, for the period of diversion, the divertee may be enjoined from contacting, and shall be enjoined from annoying, molesting, attacking, striking, threatening, harassing, sexually assaulting, battering, or disturbing the peace of, the victim. (5) A clear statement that should such person fail in meeting the terms of his or her diversion, or should he or she be convicted of any offense involving violence, he or she may be required, after a court hearing, to stand trial for the original alleged offense. (6) An explanation of criminal record retention and disposition resulting from participation in the diversion and the diver-tee’s rights relative to answering questions about his or her arrest and diversion following successful completion of the diversion program.
“(b) If the defendant consents and waives his or her right to a speedy trial the court shall refer the case to the probation department. The probation department shall make an investigation and take into consideration the defendant’s age, employment and service records, educational background, community and family ties, prior incidents of violence, treatment history, if any, demonstrable motivation, and other mitigating factors in determining whether the defendant is a person who would be benefited by education, treatment, or rehabilitation. The probation department shall also determine which community programs the defendant would benefit from and which of those programs would accept the defendant. The probation department shall report its findings and recommendation to the court.”
Section 1000.8. “(a) The court shall hold a hearing and, after consideration of the probation department’s report and any other information considered by the court to be relevant to its decision, shall determine if the defendant consents to further proceedings under this chapter and waives his or her right to a speedy trial and if the defendant should be' diverted and referred for counseling. The court, in determining the defendant’s eligibility for diversion, shall consider the nature and extent of the injury inflicted upon the victim, any prior incidents of domestic violence by the defendant, and any factors which would adversely influence the likelihood of successful completion of the diversion program. If the court does not deem the defendant a person who would be benefited by diversion, or if the defendant does not consent to participate, the proceedings shall continue as in any other case. If the court orders a defendant to be diverted, the court shall make inquiry into the financial condition of the defendant and upon a finding that the defendant is able in whole or part to pay the expense of such counseling the court may order him or her to pay for all or part of such expense.
“(b) At such time that the defendant’s case is diverted, any bail bond or undertaking, or deposit in lieu thereof, on file by or on behalf of him or her shall be exonerated, and the court shall enter an order so directing.
“(c) The period during which further criminal proceedings against a person may be diverted pursuant to this chapter shall be for no less than six months nor longer than two *Supp. 43 years.
“The court shall set forth in writing or state on the record its reason for granting or denying diversion. The court’s decision in such matter shall be final and shall not constitute an appealable order.
Section 1000.9. “If it appears to the prosecuting attorney, the court, or the probation department that the divertee is performing unsatisfactorily in the assigned program, or that the divertee is not benefiting from counseling, or that he or she is convicted of any offense involving violence, after notice to the divertee, and upon request of the probation officer or on its own motion, the court shall hold a hearing to determine whether the criminal proceedings should be reinstituted. If the court finds that the divertee is not performing satisfactorily in the assigned program, or that the divertee is not benefiting from diversion, or the court finds that the divertee has been convicted of a crime as indicated above, the criminal case shall be referred back to the court for resumption of the criminal proceedings. If the divertee has performed satisfactorily during the period of diversion, at the end of the period of diversion, the criminal charges shall be dismissed.”
Section 1000.10. “Any records filed with the Department of Justice shall indicate the disposition in those cases diverted pursuant to this chapter. Upon successful completion of a diversion program the arrest upon which the diversion was based shall be deemed to have never occurred. The divertee may indicate in response to any question concerning his or her prior criminal record that he or she was not arrested or diverted for such offense. A record pertaining to an arrest resulting in successful completion of a diversion program shall not, without the divertee’s consent, be used in any way which could result in the denial of any employment, benefit, license, or certificate.”
Section 1000.11. “No statement, or any information procured therefrom, with respect to the specific offense with which the defendant is charged, which is made to any probation officer or community program worker during the process of determining the defendant’s eligibility for diversion or subsequent to the granting of diversion, shall be admissible in any action or proceeding.”

See section 1000.6, subdivision (d) for definition of “domestic violence.”

Penal Code section 1382, subdivision 3 provides as follows:
“The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases ... 3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, or in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the inferior court, within 30 days after such mistrial has been declared, after entry of the order granting the new trial, or after the remittitur is filed in the trial court or, if the new trial is to be held in the superior court, within 30 days after the judgment on appeal becomes final; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant’s neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court.”

See footnote 3, ante.

See footnote 3, ante.

Effective January 1981, section 1000.6, subdivision (a) was amended (see fn. 1, ante) to prohibit diversion to defendants charged with violation of section 245, subdivision (a) or section 273.5. This amendment apparently does not apply to appellant’s case, which was filed in December of 1980.

The docket for February 19, as noted, reflected that a continuance to March 12, was granted, pursuant to appellant’s motion. Appellant, at his subsequent court appearances on March 12 and March 23, denied that he had requested any continuance on February 19. We permitted the record on appeal to be augmented with the reporter’s transcript of the February 19 proceedings. After considering the transcript, we found that appellant, in pro. per. did not “request” any continuance, but, rather, repeatedly urged the court that he wished to go to trial “as soon as possible . . . before March.” The trial court was unyielding; appellant’s final acquiescence can scarcely be described as a “defense motion for a continuance.” Further, as we held in our original decision, appellant was not advised of his rights under section 1382, as that statute requires, nor of the consequences of waiving those rights. Thus, even if appellant had actually moved for the continuance of the proceedings, his waiver of his speedy trial rights would not have been valid.

We do not mean to suggest that appellant in the instant matter was guilty of any sort of dilatory conduct. On the contrary, appellant handled his defense with integrity.

We are compelled to make an observation regarding the rationale of the Sykes decision and the bearing of that rationale on subsequent holdings. Sykes found that habeas corpus proceedings were “included” in section 1382, despite the failure of that section to state as much. The Sykes court believed such a holding was compelled by the fact that it would otherwise be forced to declare section 1382 unconstitutional on equal protection grounds (9 Cal.3d, at p. 92). The court reasoned that there was no compelling state purpose in discriminating against defendants who had established their right to a new trial via writ proceeding as had Sykes, rather than by direct appeal (as contemplated by the provisions of § 1382). The Sykes court took note of its duty to construe statutes as constitutional whenever such construction was possible.
The Sykes rationale was followed by the Court of Appeal in Matthews v. Superior Court, supra, 35 Cal.App.3d 589. That rationale was clearly applicable to the latter case. However, its application to the instant case is considerably less certain. Although we have construed section 1382 to provide the prosecution with 30 additional days to bring a defendant to trial following denial of diversion, it is quite apparent that the statute is, on its face, silent as to this proposition. Moreover, it is clear that our decision in the instant matter is not compelled by the Sykes rationale, i.e., on grounds of denial of “equal protection” to the prosecuting agency. Appellant, furthermore, did not raise this issue, and, consequently, the People did not discuss it. Hence, we reached our decision herein without considering, on equal protection grounds, the applicability of Sykes and its progeny to the case at bar.