[No. G001534. Fourth Dist., Div. Three. Dec. 24, 1984.]

RICHARD MICHAEL PAGNINI, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Stotler & Stotler and James A. Stotler for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, William W. Bedsworth and Randell L. Wilkinson, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**TROTTER, P. J.—** Petitioner asks us to determine he was denied a speedy trial by real party's failure to bring him to trial within 60 days of our order denying his writ application and dissolving our previously issued stay order. We conclude the pendency in the California Supreme Court of petitioner's subsequent application for extraordinary relief constituted statutory good cause sufficient to excuse any failure to timely bring petitioner to trial. We further find petitioner waived his speedy trial rights by seeking a stay of his trial and other affirmative relief from the Supreme Court.

Petitioner was charged with 20 counts of burglary (Pen. Code, § 459) and receiving stolen property (Pen. Code, § 496). He was arraigned on March 10, 1983, pleaded not guilty on March 28, and waived time for trial until May 31, 1983, in excess of the 60-day limit. Motions pursuant to Penal

Code sections 995 and 1538.5 were made and continued twice by stipulation until May 31, 1983. The section 995 motion was denied that date; however, an amended information containing enhancement allegations was filed and an oral section 995 motion was made on the newly filed enhancements pursuant to *People* v. *Superior Court* (*Mendella*) (1983) 33 Cal.3d 754 [191 Cal.Rptr. 1, 661 P.2d 1081], decided the month previously. The trial court in an intended decision indicated it would rule in petitioner's favor on the *Mendella* issue and the People sought a writ from this court to stay the anticipated ruling. The writ was denied as premature. On June 6, the oral section 995 motion on the special allegations was granted in part and the 1538.5 motion was denied. The People again applied to this court for a writ of prohibition challenging the partial grant of petitioner's section 995 motion. We stayed the proceedings, asked defendant (petitioner here) to respond, and ultimately denied relief and dissolved the stay on October 24, 1983. Meanwhile, on June 21, 1983, petitioner sought relief from this court for the denial of his original section 995 motion. On October 24, 1983 (the same date the prosecution's writ was denied and stay lifted) we imposed another stay on petitioner's writ. After the People's response we ultimately denied petitioner's writ and dissolved the stay on February 6, 1984. On February 16, 1984, petitioner sought hearing in the Supreme Court and requested a stay, and on February 24, 1984, that court extended time in which to grant or deny relief until April 3, 1984. A further extension of time was entered by the Supreme Court on April 3, 1984, extending its time for decision until May 9, 1984. However, on April 25, the Supreme Court denied the petition for hearing. The People received notice of the court's ruling on April 30, and calendared the case for a trial setting on May 11; petitioner then moved to dismiss on speedy trial grounds, the motion was heard June 1, 1984, and denied. This writ followed.

■ Petitioner is guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment. (*Klopfer* v. *North Carolina* (1967) 386 U.S. 213, 222-223 [18 L.Ed.2d 1, 7-8, 87 S.Ct. 988]; *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 88 [106 Cal.Rptr. 786, 507 P.2d 90].) That right is also ensured by article I, section 15 of the California Constitution as supplemented and implemented by Penal Code section 1382.[1] Section 1382 man-

---

[1]See *Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 88, and *People* v. *Wilson* (1963) 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452]. Penal Code section 1382 reads in its entirety as follows:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

"1. When a person has been held to answer for a public offense and an information is not filed against him within 15 days thereafter.

"2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again

dates dismissal in situations "covered by the statute if, at the time a defendant moves therefor, the 60-day period has elapsed and good cause for the delay is not shown by the prosecution." (*Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 88-89.)

We assume for purposes of this opinion our situation is covered by the statute.[2] However, the question remains as to when the statutory time commences. Petitioner maintains the speedy trial clock started ticking the day this court denied relief (Feb. 6, 1984), thereby putting his June 1, 1984, trial date well beyond the permissible 60-day limit. The People contend the

following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court, or after the issuance of a writ or order which in effect grants a new trial, within 60 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney, or within 90 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney in any case where the district attorney chooses to resubmit the case for a preliminary examination after an appeal or the issuance of a writ reversing a judgment of conviction upon a plea of guilty prior to a preliminary hearing in a municipal or justice court; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter. Whenever a case is set for trial beyond the 60-day period at the request of the defendant, and the defendant fails to appear on the date set for trial and a bench warrant is issued, the defendant shall be brought to trial within 60 days after the defendant next appears in the superior court. Whenever a case is set for trial beyond the 60-day period at the request of the defendant, the court may not grant a motion of the defendant to vacate the date set for trial and to set an earlier trial date unless all parties are properly noticed and the court finds good cause for granting such motion.

"3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, or in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the inferior court, within 30 days after such mistrial has been declared, after entry of the order granting the new trial, or after the remittitur is filed in the trial court or, if the new trial is to be held in the superior court, within 30 days after the judgment on appeal becomes final; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court.

"If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent."

All statutory references are to the California Penal Code.

[2]Petitioner and real party both assume (without discussion or citation to authority) section 1382 and its 60-day limitation period, though not expressly applicable, do apply to our facts. (See *Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 89, 92, and *Matthews* v. *Superior Court* (1973) 35 Cal.App.3d 589, 596 [110 Cal.Rptr. 843].)

Supreme Court's denial (Apr. 25, 1984) provided the operative date and that petitioner would have been brought to trial within the prescribed limits of section 1382 had the instant proceedings not been instituted. Both sides claim *Matthews* v. *Superior Court* (1973) 35 Cal.App.3d 589 [110 Cal.Rptr. 843] supports their divergent positions and urge us to resolve an apparent internal inconsistency in that decision. The *Matthews*' court held "that where proceedings in prohibition are instituted by an accused and during the pendency of such proceedings the appellate court issues an order staying the trial, the accused, upon the denial of such petition for prohibition and the concomitant termination of the stay, must be brought to trial within 60 days from the date of the order denying the petition." (*Matthews* v. *Superior Court, supra,* 35 Cal.App.3d 589, 596.) However, the court measured the delay from the Supreme Court's denial of the request for hearing rather than from the intermediate appellate court's order denying relief.

Criminal proceedings were not resumed until more than 16 months from the time the Supreme Court denied hearing. The case was ordered dismissed because the prosecution had shown no good cause for the excessive delay. (*Matthews* v. *Superior Court, supra,* 35 Cal.App.3d 589, 596-597.) For the reasons stated below, we follow the Matthew's court's actions, rather than adopt its dictum.

Appellant in *Muller* v. *Justice's Court* (1954) 129 Cal.App.2d 570 [277 P.2d 866] contended he was denied a speedy trial since he had not been tried on his misdemeanor offense within 30 days after his motion for change of venue had been granted. The appellate court determined the mere pendency of the accused's unrelated prohibition petition (in which no stay had been issued or requested) constituted good cause for not trying him within the statutory (§ 1382) period: "Certainly the fact that [the writ] proceeding was pending is a showing of good cause for not proceeding with the trial within 30 days after June 20, the date when the motion for change of venue was granted. That cause had been created by petitioner. . . . [¶] It was held in *People* v. *Duffy,* 110 Cal.App. 631 [294 P. 496] that where defendants were given the opportunity of being tried within the statutory period, but by changing their pleas they themselves caused a long delay in bringing the case to trial, they could not complain." (*Muller* v. *Justice's Court, supra,* 129 Cal.App.2d 570, 572.)

*Gregory* v. *Justice Court* (1959) 168 Cal.App.2d 719, 722 [336 P.2d 584], construed *Muller* as a "waiver" decision: "[T]he . . . right to a speedy trial . . . may be waived when the waiver occur[s] within the statutory period. . . ." The opinion concludes "if a defendant intends to stand upon his right to a trial within the statutory period, he must take some action to inform the court that he does not waive his right." (*Ibid.*) *Matthews* v.

*Superior Court, supra,* 35 Cal.App.3d 589, 595, footnote 2, offers an additional explanation for the *Muller* result: "[I]t was very impractical for the prosecution to proceed with a trial until judgment was rendered in the prohibition proceeding."[3]

■ We find these authorities compelling. The record fails to reflect any words or conduct on petitioner's behalf within 60 days of February 6, 1984, designed to inform respondent he did not waive his right to a speedy trial. (Cf. *People* v. *Wilson* (1963) 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452], and *People* v. *Tahtinen* (1958) 50 Cal.2d 127, 132 [323 P.2d 442].) Indeed, 10 days after we declined to grant relief from respondent's order denying petitioner's motion to set aside the information, petitioner affirmatively sought a stay of his trial from the Supreme Court pending its resolution of his hearing petition. Petitioner's conduct can only be construed as an implied waiver of his speedy trial rights; and the pendency of his hearing petition constituted good cause sufficient to excuse the failure to, e.g., subpoena witnesses, select a jury and devote other valuable but limited resources toward commencing a trial the Supreme Court might have indefinitely postponed by electing to determine the merits of petitioner's writ application. The trial court apparently so concluded, and so do we. The peremptory writ is denied. The alternative writ is discharged.

Wallin, J., and Crosby, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 21, 1985.

---

[3]The opinion earlier considered the effect of an express time waiver in the trial court during the pendency of writ proceedings in the Court of Appeal: "We perceive that an express waiver was unnecessary or required during the time that the petition for writ of prohibition was pending in the appellate court because the filing of such petition constituted 'good cause' for delaying the trial and, accordingly, in itself constituted a waiver of the right to be tried within the 60-day period. Accordingly, to the extent that the waiver purported to waive the time for trial during the pendency of the petition for a writ of prohibition in the reviewing court it was superfluous." (*Matthews* v. *Superior Court, supra,* 35 Cal.App.3d 589, 593.)