Opinion
WARREN, J.
— This case presents an issue that, while encountered frequently in the criminal courts, appears to be of first impression at the *Supp. 7 appellate level. The question may be framed thus: When a criminal defendant is required to “waive[] his or her right to a speedy trial” in accordance with a grant of diversion under Penal Code section 1001.53, is that waiver a general or limited time waiver with respect to the defendant’s subsequent rights should diversion prove unsuccessful? We hold that a grant of diversion necessarily requires that the defendant generally waive his or her right to a speedy trial, regardless of the actual words used at the time the waiver is taken.

Procedural History and Factual Background

Respondent was charged in three misdemeanor complaints[1] with resisting arrest, battery, fighting in public and petty theft. As part of a negotiated disposition, respondent was referred to diversion under Penal Code section 1001.50 et seq. In conjunction with this referral, respondent waived time in all three cases. In so doing, respondent simply stated: “[tjime is waived.” Although the diversion technically applied to only one of his cases, the parties agreed that the remaining two cases would trail the lead case. Upon successful completion of diversion, all three cases would be dismissed. Diversion was granted on June 5, 1996.
Shortly after starting diversion, respondent picked up a fourth case. Appellant promptly moved to terminate diversion and bring all then-pending cases to trial. When appellant gave notice of this motion on June 19, 1996, respondent withdrew the time waiver of his speedy trial rights in all three cases. The court set a hearing date for the motion to terminate diversion on July 1, 1996, and a trial date for July 12, 1996.
*Supp. 8 At the hearing on July 1, 1996, the trial judge dismissed the three cases now on appeal pursuant to Penal Code section 1382, subdivision (a)(3)(B).[2] In so doing the trial court found that respondent had not used words which, in substance or effect, conveyed he intended to “waive time generally” at the time he agreed to participate in diversion. Because of this, the trial court concluded that respondent’s time waiver had been a limited one. When that waiver was withdrawn on June 19, the trial court apparently interpreted Penal Code section 1382, subdivision (a)(3)(B) to require that respondent be brought to trial within 10 days of the date.[3] Because appellant failed to do so, the trial court dismissed the three complaints.

Discussion

Under Penal Code section 1382, subdivision (a)(3), a defendant in a misdemeanor case must be brought to trial within 30 days of arraignment or entering a plea, whichever occurs later, if the defendant is in custody at the time of arraignment or entry of the plea. In all other cases, a defendant must be brought to trial within 45 days of arraignment or entry of the plea. Failure to comply with these time periods is cause for dismissal. However, there are two exceptions when a case shall not be dismissed.
First, if a defendant enters a general waiver of the 30-day or 45-day trial requirement, the trial date can be extended beyond the applicable period without threat of dismissal. (Pen. Code, § 1382, subd. (a)(3)(A).) If this waiver is subsequently withdrawn in the trial court, after proper notice to the parties, the defendant shall be brought to trial within 30 days of the date of that withdrawal. (Ibid.)
The second exception occurs when a defendant requests or consents to a trial date beyond the applicable period. (Pen. Code, § 1382, subd. (a)(3)(B).) This consent can be express or implied. The defendant must then be brought to trial on or within 10 days of the date set. (Ibid.)
*Supp. 9 In this case, respondent entered a general time waiver during diversion proceedings on December 4, 1995. At that time and in subsequent hearings, the trial court asked respondent whether time was waived. On each occasion, respondent answered “[t]ime is waived.” Respondent made these time waivers for all three cases in conjunction with his consent to diversion proceedings for the lead case.
During these exchanges there is no reference to a “future trial date” to. which respondent consented, contemplated under Penal Code section 1382, subdivision (a)(3)(B). Indeed, no future trial date would have been contemplated since it is the nature of diversion proceedings that, upon successful completion, charges are dismissed and no trial is needed. Accordingly, a time waiver upon entry into diversion can only be a general waiver under Penal Code section 1382, subdivision (a)(3)(A).
This determination is reinforced by the structure of diversion proceedings themselves. The diversion statutes explicitly state that a defendant must consent to a waiver of his speedy trial rights before diversion is ordered. (Pen. Code, § 1001.53.)[4] It is standard procedure that upon ordering diversion, the judge will state that criminal proceedings are suspended pending successful completion of diversion.
Diversion is not a right. It is a pretrial alternative available to some defendants in order to resolve that person’s case short of trial. It promotes judicial economy and has the potential to rehabilitate a defendant and to return him or her to a productive role in society. Successful completion of diversion leads to dismissal of the charges against that defendant. (Pen. Code, § 1001.54.)[5] The required quid pro quo for these benefits is that the defendant waives speedy trial rights. In other words, the defendant chooses a diversion program at the expense of his or her rights to a prompt trial.
The cases cited by the municipal court, Bryant v. Superior Court (1986) 186 Cal.App.3d 483 [230 Cal.Rptr. 777] and Owens v. Superior Court (1980) 28 Cal.3d 238 [168 Cal.Rptr. 466, 617 P.2d 1098], in dismissing respondent’s cases are not dispositive of the question presented in this case. Indeed, they beg the very question at issue. The cited cases, operating under the assumption that a limited time waiver was involved, simply discuss the point in time at which the 10-day period under Penal Code section 1382, subdivision (a)(3)(B) begins to run. The question of whether a general or limited *Supp. 10 time waiver applies, which is at the heart of this appeal, is not addressed in either Bryant or Owens.
This court finds that the waiver entered by respondent at the time he agreed to accept diversion as an alternative to a trial on the merits was a general waiver. It makes no difference whether respondent specifically mouthed the term “general” when he waived his speedy trial rights. We find that, as a matter of law, when a defendant elects to enter diversion, the time waiver required by Penal Code section 1001.53 is a general time waiver. When respondent withdrew his time waiver on June 19, 1996, the trial court acted properly by setting a trial date of July 12, 1996, a date within the 30-day limit prescribed by Penal Code section 1382, subdivision (a)(3)(A). (See People v. Denman (1983) 145 Cal.App.3d Supp. 40, 49-50 [193 Cal.Rptr. 863].) It was error for the trial court to dismiss the cases against respondent on July 1, 1996.
The dismissal of case Nos. 1606694, 1612777 and 1598182 is vacated. Criminal proceedings are reinstated. It is so ordered.
Munter, P. J., and Kramer, J., concurred.

The specific dates of arraignment, entry of pleas and time waivers for each of the cases are as follows:
Case No. 1598182: Respondent was arraigned and entered a plea of not guilty on August 31, 1995. On September 29, 1995, the plea was withdrawn to determine respondent’s eligibility for diversion proceedings. A jury trial was set for December 1, 1995, which was subsequently vacated and time waived until December 4, 1995. On December 4, time was waived pending diversion in case No. 1612777.
Case No. 1606694: Respondent was arraigned and a plea of not guilty was entered on October 18, 1995. On December 1, 1995, respondent waived time to December 4 and on that date he waived time pending diversion in case No. 1612777.
Case No. 1612777: Respondent was arraigned on November 20, 1995, and a plea of not guilty was entered. Time was waived pending diversion in this case and the plea was withdrawn.

Under Penal Code section 1382, subdivision (a)(3)(B) states an exception for dismissal, if “[t]he defendant requests or consents to the setting of a trial date beyond the 30-day or 45-day period.. . . Whenever a case is set for trial beyond the 30-day or 45-day period by request or consent, express or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter.”

Penal Code section 1382, subdivision (a)(3)(B) provides that, upon withdrawal of a time waiver, “the defendant shall be brought to trial on the date set for trial or within 10 days thereafter.” (Italics added.) The trial court’s determination that the trial must take place within 10 days after the time waiver is withdrawn is thus in error. However, the trial court’s interpretation of Penal Code section 1382, subdivision (a)(3)(B) is not critical to our decision on this appeal. Here, we find that the trial court erred in treating respondent’s time waiver as a limited one and that these cases should not have been dismissed under any interpretation of Penal Code section 1382, subdivision (a)(3).

Penal Code section 1001.53 provides that “[t]he court shall hold a hearing and, after consideration of the probation department’s report, and any other relevant information, shall determine if the defendant consents to further proceedings under this chapter and waives his or her right to a speedy trial.” (Italics added.)

In respondent’s case, successful completion of diversion would have cleared him of the criminal charges in three separate complaints.