[In Bank. — April 27, 1883.]

## THE PEOPLE, APPELLANTS, *v.* F. A. GIESEA, RESPONDENT.

CRIMINAL PRACTICE — DISMISSAL OF PROSECUTION — SECTION 1382 OF THE PENAL CODE CONSTRUED. — The indictment in this case was demurred to and the demurrer sustained. This ruling was reversed on appeal. The trial court then fixed a day for the trial, against defendant's objections, more than sixty days after the remittitur was filed. The defendant demanded his discharge under section 1382 of the Penal Code, and the court so ordered and dismissed the action. *Held,* that this section has no application to such a case, and that the court erred in its ruling.

APPEAL from an order of the Superior Court of Kern County, discharging defendant and dismissing the action against him.

The facts are stated in the opinion of the court.

*Attorney-General,* for Appellants.

*J. W. Freeman,* and *R. E. Arick,* for Respondent.

PER CURIAM.—This is an appeal from an order dismissing the cause and discharging the defendant.

The indictment in this cause was demurred to and the demurrer was sustained. On appeal by the people to this court, this ruling was reversed with directions to overrule the demurrer. On the return of the remittitur, the court fixed a day for the trial of the defendant, and against his objection, more than sixty days after the remittitur was filed. Thereupon the defendant, under section 1382 of the Penal Code, claimed his discharge, and that the case should be dismissed. The court below so ruled and made an order discharging the defendant and dismissing the cause. Thereupon, this appeal was prosecuted by the people.

We are of opinion that the case of the defendant does not come within the provisions of the section above referred to. That section has no application where the prisoner has demurred to the indictment, the demurrer sustained, the effect of which ruling had to be gotten rid of by an appeal.

The court in our judgment erred in its ruling, and the order is reversed and cause remanded, that proceedings may be had in the court below according to law.

MORRISON, C. J., and SHARPSTEIN, J., did not participate.