[Crim. No. 344.   Department One.—March 18, 1898.]

THE PEOPLE, Respondent, v. JOHN LUNDIN, Appellant.

CRIMINAL LAW—FORGERY—WANT OF AUTHORITY TO SIGN CHECK—SUFFICIENCY OF PROOF.—Where one whose name was forged to a check by the defendant testified that he knew the defendant, and had had business transactions with him, and that he had not signed the check, nor authorized the defendant to sign his name thereto, the evidence is sufficient to justify the jury in believing that the name of the witness was the name intended to be signed on the check, and the forgery is sufficiently made out.

ID.—PROOF OF WANT OF AUTHORITY FROM UNKNOWN PERSON.—Where the difficulty is presented of proving that the defendant did not sign the

forged check under authority of some unknown person bearing the name signed, the evidence of the prosecution will not be restricted within close limits, and, in the absence of some showing to the contrary, it will not require much evidence tending to show a failure of authorization to defendant upon the part of the person whose name is signed to the instrument, and where one or more persons bearing the same name as that signed to the check testified that they did not know the defendant, such evidence, if material, is sufficient to warrant the jury in finding that such persons being strangers to the defendant, did not authorize him to sign either of their names to the check.

ID.—INSTRUCTIONS FAVORABLE TO DEFENDANT.—Objections of the defendant to instructions, which if erroneous, are too favorable to the defendant, will not be considered upon his appeal.

ID.—DELAY OF TRIAL BY APPEAL OF DEFENDANT—MOTION TO DISMISS INFORMATION.—A delay of the trial for more than sixty days caused by an appeal of the defendant, is not within the provision of the statute in regard to such delay, and a motion to dismiss the information upon the ground that the defendant had not been brought to trial within sixty days after the filing of the information was properly denied.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Charles G. Nagle, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of forgery. The paper forged was a check payable to "John Nelson or bearer," and signed "John F. Johnson." It was indorsed upon the back "John Nelson." The defendant in company with two others presented this check to Mrs. Emma Dorn, the owner of a restaurant and saloon, as the purchase price for a one-half interest therein. John Nelson, one of the three parties, was to be the part owner under the purchase.

There was sufficient evidence introduced at the trial to justify the jury in finding as a fact that this defendant wrote the check. Three men were placed upon the witness stand and testified that their names were John F. Johnson. Two of them testified that they did not know the defendant. The third testified that

he had known him for several years, and that in the past some
business transactions had taken place between them. He fur-
ther testified that he never signed the check nor authorized
the defendant to sign his name thereto. Upon the former ap-
peal in this case (*People v. Lundin*, 117 Cal. 124) it was held that
this evidence was sufficient to justify the jury in finding that
the name of this last-mentioned John F. Johnson was the name
intended to be signed to the check. With such conclusion we
again heartily agree. Taking this conclusion and adding to it
the evidence that this John F. Johnson never authorized de-
fendant to sign his name to the check, and the case is then
made out.

Under the decisions of this court (*People v. Mitchell*, 92 Cal.
590, and *People v. Whiteman*, 114 Cal. 338) in many cases of
forgery it has become a most difficult matter to produce sufficient
evidence to justify convictions. This difficulty arises from the
fact that the name of the party signed to the note or check
is that of some person practically unknown. Hence, the dif-
ficulty is immediately presented of proving that the defendant
did not sign the check under authority of this unknown person.
When circumstances of this character present themselves, we
will not restrict the evidence of the prosecution within close
limits, and, in the absence of some showing to the contrary, will
not require very much evidence tending to show a failure of
authorization to defendant upon the part of the party whose
name is signed to the instrument. In this case, two John F.
Johnsons were produced at the trial who testified that they did
not know the defendant. This evidence, if material, we deem
sufficient to justify the jury in finding that such Johnsons, be-
ing strangers to defendant, did not authorize him to sign either
of their names to the check. But, in view of the further fact
that the real and true John F. Johnson was produced at the
trial, in this case, the other John F. Johnsons do not appear to
be in any way material to the questions under discussion.

Complaint is made that certain instructions given to the jury
by the trial court are erroneous. Upon a careful consideration
of them, we are satisfied if there are any legal objections thereto,
those objections should not be made by defendant, for the in-
structions, if erroneous, are too favorable to him.

The motion to dismiss the information upon the ground that the defendant had not been brought to trial within sixty days was properly denied. This provision of the statute does not apply to cases where a defendant has appealed to this court and had his case sent back for a second trial. (*People v. Giesea*, 63 Cal. 345.)

For the foregoing reasons the judgment and orders appealed from are affirmed.

Van Fleet, J., and Harrison, J., concurred.