[L.A. No. 30063. In Bank. Mar. 16, 1973.]

JAMES ROGER SYKES, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Frank L. Williams, Jr., Public Defender, and James R. Goff, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, and Alicemarie Stotler, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**WRIGHT, C. J.**—Petitioner seeks a writ of mandate to compel the respondent court to dismiss a felony information pending against him or, in the alternative, a writ of prohibition staying the criminal proceedings. Petitioner contends that he was denied his constitutional right to a speedy trial when, after a period of 228 days following an order in collateral proceedings directing the superior court to set aside the judgment of conviction and the guilty plea on which it was based and requiring that he be rearraigned for plea in the criminal proceedings, the People had not proceeded. At that time his motion to dismiss the information was denied. (Pen. Code, § 1382.)[1] We conclude that petitioner has been denied a speedy trial and that the motion should have been granted.

In May 1969 petitioner was charged in respondent court with armed robbery (§§ 211, 211a) and kidnaping for the purpose of robbery (§ 209), both offenses alleged to have been committed in April 1969. Petitioner entered a guilty plea to the robbery charge and the kidnaping charge was dismissed on motion by the People. He waived probation and in June 1969 was sentenced to prison for the term prescribed by law.

In February 1971 petitioner, then a prison inmate, filed a petition for a writ of habeas corpus. On October 22, 1971, the writ issued from the Court of Appeal on the ground that the guilty plea had been accepted and entered by the respondent court without an affirmative showing appearing on the record that petitioner freely and voluntarily waived his privilege against self-incrimination, his right to confront his accusers or his right to trial by jury as required by *Boykin* v. *Alabama* (1969) 395 U.S. 238

---

[1]Hereinafter all statutory references are to sections of the Penal Code unless otherwise specified.

[23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

On November 5, 1971, a copy of the writ was served on the respondent court; on November 15 a copy was served on a prison official where petitioner was incarcerated; and on November 17 a copy was served on the Attorney General, who had represented the People in the habeas corpus proceeding.[2]

Approximately a month after the writ had issued petitioner requested from prison officials information as to when his case would be reset for trial. He was informed that he would have to wait for a court order directing the sheriff to deliver petitioner to the trial court. Petitioner's prison counselor refused to make inquiry on petitioner's behalf and advised him that "the authorities would come and get him when they wanted him."

In late November or early December 1971 a relative of petitioner, at his request, telephoned the respondent court and inquired about petitioner's retrial. The same individual also made inquiry to the court by telephone in February 1972, again at petitioner's request. On both occasions the relative was informed that the court had no information on the retrial.

Petitioner was released from prison on parole on December 17, 1971. Near the end of February 1972 he telephoned the respondent court concerning his retrial and was advised by court personnel that they could give him no information relating to a new trial and that he should contact his attorney.

On February 29 petitioner wrote to his attorney in the habeas corpus proceedings and advised him of the substance of petitioner's and his relative's conversations with court personnel. On March 6 the attorney replied advising petitioner that the writ of habeas corpus had indeed been granted and issued almost six months earlier. He enclosed a copy of the writ and the affidavit of service on the presiding judge of respondent court and advised petitioner to contact the public defender.

On May 18 petitioner met by appointment with a deputy public defender and presented to him the pertinent documents. On May 31 the deputy filed notice of motions for petitioner's rearraignment and for dismissal of the charges on the ground of a denial of a speedy trial. (§ 1382.)

---

[2]The writ commanded the superintendent of the California Institution for Men at Chino to deliver petitioner to the custody of the Orange County Superior Court, respondent herein, with directions to that court to vacate the guilty plea and the judgment entered thereon and to rearraign him for plea. The writ authorized the amending of the accusatory pleading to reinstate any offense that had been intially charged but subsequently dismissed as part of a plea bargain.

The district attorney received no actual or constructive notice of the writ ordering petitioner's rearraignment until June 1, 1972, when a deputy district attorney became aware of the pleadings filed by the deputy public defender. Upon inquiry the presiding judge of the respondent court stated that he had no recollection of having been served and did not know what had become of the court's copy of the writ. The Attorney General replied that the deputy who had been served with the writ in November 1971 was "long-gone."

Respondent court took testimony and heard argument on the motion to dismiss. No explanation was offered for the delay except that the officials charged with reinstituting proceedings lacked timely knowledge of the order requiring rearraignment. As previously stated, the motion was denied.

■ The right to a speedy trial is a fundamental right secured by the Sixth Amendment to the federal Constitution[3] and is made applicable to the states by the Fourteenth Amendment. (*Klopfer* v. *North Carolina* (1966) 386 U.S. 213, 223 [18 L.Ed.2d 1, 8, 87 S.Ct. 988].) Article I, section 13, of the California Constitution independently guarantees the right to a speedy trial.[4] In addition, our Legislature has made provision for "a speedy and public trial" as one of the fundamental rights preserved to a defendant in a criminal action. (§ 686, subd. 1.) The policy behind the right to a speedy trial is expressed in section 1050 which states, "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice."

■ Section 1382, subdivision 2, implements the foregoing constitutional and statutory guarantees by providing that, absent a showing of "good cause," a defendant accused of a felony is entitled to have the charges against him dismissed if he is not brought to trial within 60 days after the filing of criminal charges or after particular events necessitating a retrial thereof.[5] A dismissal is thus mandated in those situations covered

---

[3]"In *all* criminal prosecutions the accused *shall* enjoy the right to a speedy and public trial, . . ." (U.S. Const., 6th Amend.; italics added.)

[4]"In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial, . . ." (Cal. Const., art. I, § 13.)

[5]Section 1382 expressly provides in pertinent part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed . . . 2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court, . . ."

by the statute if, at the time a defendant moves therefor, the 60-day period has elapsed and good cause for the delay is not shown by the prosecution. In these circumstances the defendant is not required to make any further showing, and in particular he is not required to make an affirmative showing that he has been prejudiced by the delay. (*People* v. *Wilson* (1963) 60 Cal.2d 139, 151 [32 Cal.Rptr. 44, 383 P.2d 452]; *Harris* v. *Municipal Court* (1930) 209 Cal. 55, 64 [285 P. 699].)

■ Statutory rights notwithstanding, the provision of our Constitution which guarantees a criminal defendant a speedy trial is self-executing and not dependent on statutory implementation. (*Harris* v. *Municipal Court, supra,* 209 Cal. 55, 60.) " ' "[I]t is not necessary to have specific legislation to carry into effect section 13 of article I. . . ." (*Rost* v. *Municipal Court* (1960) 184 Cal.App.2d 507, 511. . . .) The provisions of the Penal Code are merely " 'supplementary to and a construction of' the Constitution." (*People* v. *Wilson, supra,* 60 Cal.2d 139, 145; *People* v. *Godlewski,* 22 Cal.2d 677, 682. . . .)' It is thus unnecessary for petitioner, in asserting his constitutional right to a speedy trial, to rely on specific statutory provisions . . . ." (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 738-739 [91 Cal.Rptr. 578, 478 P.2d 10].)

■ Although it is true that the 60-day provision of section 1382, subdivision 2, does not on its face apply where, as here, a once-convicted person is released from prison on a writ of habeas corpus ordering that he be rearraigned for plea, the self-executing provision of the Constitution may under a proper showing compel dismissal of the charges. We deem it appropriate to treat petitioner's motion to dismiss, although styled as a motion pursuant to section 1382, as a motion invoking petitioner's constitutional right to a speedy trial. In our view section 1382 constitutes a legislative endorsement of dismissal as a proper judicial sanction for violation of the constitutional guarantee of a speedy trial and as a legislative determination that a trial delayed more than 60 days is prima facie in violation of a defendant's constitutional right.[6] The Legislature "by necessary inference has said that a trial delayed more than sixty days without good cause is not a speedy trial, and the courts have not hesitated to adopt and enforce the legislative interpretation of the constitutional provision." (*Harris* v. *Municipal Court, supra,* 209 Cal. 55, 61.)[7]

---

[6]The 60-day period applies only when the cause is being tried in a superior court and when the accused is not otherwise incarcerated. Where a misdemeanor charge is being tried in a lower court and the accused is not incarcerated, the 30-day and 45-day provisions of section 1382, subdivision 3, apply. In all instances where the accused is incarcerated, the 90-day provisions of sections 1381 and 1381.5 apply.

[7]This court has not always recognized that trial delays other than those specifically provided for by statute infringe the constitutional mandate of a speedy trial. In

The People argue that in the absence of an express statutory provision the question of a denial of a speedy trial is now controlled by principles announced in *Barker* v. *Wingo* (1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182]. In *Barker* the Supreme Court set forth an ad hoc balancing

*People* v. *Giesea* (1883) 63 Cal. 345, after an order sustaining a demurrer to an indictment was reversed on appeal, a trial date was fixed which was more than 60 days after the remittitur was filed. Section 1382 did not then provide a time limit within which trial was to commence after the filing of a remittitur and it was held that the limit set by the statute was not applicable. *Giesea* was followed in *People* v. *Lundin* (1898) 120 Cal. 308 [52 P. 807] where a judgment of conviction was reversed on appeal and the date set for retrial was more than 60 days after the filing of the remittitur. In the case of *In re Alpine* (1928) 203 Cal. 731 [265 P. 947, 58 A.L.R. 1500], the defendant sought to challenge by writ of habeas corpus a denial of his motion to dismiss when, again, a trial date was set more than 60 days after the filing of the remittitur following the reversal of a judgment of conviction. Relief was denied on the ground that habeas corpus was not the proper remedy, but the court also stated that where the express language of section 1382 did not mandate a trial date within 60 days after a remittitur, the applicability of the section could not be judicially expanded.

Due in part to changes in the statutes but more particularly to judicial interpretations thereof, the foregoing early line of decisions are no longer controlling. The first departure appeared in 1901 when this court applied the 60-day standard in retrying a defendant after the declaration of a mistrial and when section 1382 did not expressly mandate the time within which a retrial was to be had in such circumstances. (*In re Begerow* (1901) 133 Cal. 349 [65 P. 828].) The court there stated: "The statute is a construction of the constitutional provision, so far as to indicate what is a reasonable time within which the case should be brought to trial, in order that the constitutional guaranty may be kept. And it may be fairly interpreted to mean that this guaranty is violated whenever sixty days is allowed to elapse without a trial, there being no good reason for delay, and the defendant not consenting thereto." (*Id.*, at pp. 351-352.)

More recently we held there to be a denial of the constitutional right to a speedy trial when federal prisoners were required to wait 18 years while serving federal terms before being brought to trial on local charges. (*Barker* v. *Municipal Court* (1966) 64 Cal.2d 806 [51 Cal.Rptr. 921, 415 P.2d 809].) In effect we gave the defendants the benefit of a statutory provision which in the particular circumstances mandated their trial within 90 days after their request therefor (§ 1381.5), although such a statutory provision did not exist at the time of their demands for trial. We stated: "While the courts have regularly adopted and enforced legislative interpretation of the constitutional provision for speedy trial, the constitutional provision 'is self-executing.' (*Harris* v. *Municipal Court, supra,* 209 Cal. 55, 60.) '[I]t is not necessary to have specific legislation to carry into effect section 13 of article I. . . .' (*Rost* v. *Municipal Court* (1960) 184 Cal.App.2d 507, 511 [7 Cal.Rptr. 869, 85 A.L.R.2d 974].) . . . Thus, it is unnecessary that petitioners, in asserting their constitutional rights to a speedy trial, rely on specific statutory provisions applicable to prisoners." (*Id.*, at p. 812; see also *Harris* v. *Municipal Court, supra,* 209 Cal. 55 (60-day provision applied by analogy to a misdemeanor charge when section 1382 only applied to felonies); *Zimmerman* v. *Superior Court* (1967) 248 Cal.App.2d 56 [56 Cal.Rptr. 226] (90-day provision of section 1381 applied by analogy where a defendant requested trial while imprisoned in another state).

In *People* v. *Guaracha* (1969) 272 Cal.App.2d 839 [77 Cal.Rptr. 695], the court upheld a dismissal of charges because of a denial of a speedy trial on facts that were substantially similar to those presented here. In that case a defendant succeeded

test for determining whether a speedy trial has been denied.[8] Nothing in the court's opinion even suggests, however, that we must revise our interpretation of the right to a speedy trial as guaranteed by our Constitution. The Supreme Court stated in *Barker* that it does not "establish procedural rules for the States, except when mandated by the Constitution. . . . The States, of course, are free to prescribe a reasonable period [in which a defendant must be brought to trial] consistent with constitutional standards, . . ." (*Id.,* at p. 523 [33 L.Ed.2d at p. 113].)

There are significant reasons why the balancing test employed by the Supreme Court in interpreting the federal constitutional provision is not applicable in interpreting our constitutional provision in the circumstances of this case.[9] A material distinction is the absence of any statutory language which implements the federal constitutional guarantee while the state constitutional guarantee is so implemented. As indicated, we have looked to statutory requirements in interpreting and giving effect to the California constitutional provisions in those cases where, because the statute did not expressly embrace a particular circumstance, we held the Constitution to

in habeas corpus proceedings in establishing that he had not been arraigned on charged prior convictions found against him and it was ordered that he be rearraigned on the priors. When the People waited four months before taking action, the trial court granted defendant's motion to dismiss the priors. On appeal by the People on the ground that section 1382 did not apply in the case of orders for rearraignment arising out of habeas corpus proceedings, the court stated, "We believe it is unnecessary to base our determination in this case upon the statute—section 1382 of the Penal Code. True it is, that the writ of habeas corpus is not mentioned therein but clearly the Legislature did not intend by omitting to mention such writ in the provisions of that section to mean that when a defendant is ordered released under a writ of habeas corpus and sent back for a trial or a hearing that there is no time limit imposed upon the prosecution. . . ." (*Id.,* at p. 850.)

As section 1382 and the 60-day provision thereof now apply to new trials after mistrials and reversals, the early cases which refused to apply the limitation to such retrials are without any force or effect. No implications should be drawn from the language of those decisions which limits the application of the constitutional provision to situations within the express terms of section 1382.

[8]*Barker* set forth a four-element test for determining whether a delay in trial violated federal constitutional standards: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." (*Barker* v. *Wingo, supra,* 407 U.S. 514, 530 [33 L.Ed.2d 101, 117].) The court required that these factors be considered together, none in itself being "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." (*Id.,* at p. 533 [33 L.Ed.2d at p. 118].)

[9]This is not to say, however, that a defendant who claims he has been denied a speedy trial pursuant to the Sixth Amendment may not be entitled to relief if under the particular circumstances of his case he can establish a favorable balance under the ad hoc balancing test of *Barker* even though trial may have commenced within the period prescribed by California law. In any particular instance a defendant is entitled to a speedy trial within the meaning of both the federal and state constitutional provisions.

be directly applicable as self-executing. There is, moreover, an even more compelling reason than their parallel interpretations for giving similar meanings to our constitutional and statutory provisions.

"The California Constitution (art. I, §§ 11, 21; art. IV, § 16), like the equal protection clause of the Fourteenth Amendment, requires that classifications of those to whom the state accords benefits and those on whom it imposes burdens must be reasonably related to a legitimate public purpose." (*Hayes* v. *Superior Court* (1971) 6 Cal.3d 216, 223 [98 Cal.Rptr. 449, 490 P.2d 1137].) The Legislature has granted a defendant in felony cases the right to be tried within 60 days after the filing of an indictment or information or within 60 days after a mistrial, entry of an order granting a new trial or the filing of a remittitur in the trial court when a conviction has been reversed on appeal. A person who has been released on a writ and ordered to be rearraigned for plea and retried on the original charges has the same interest in a speedy trial as do persons whose circumstances come within the express provisions of the statute. The burden upon the state to bring a defendant to trial after his release on a writ would obviously be little different from any of the situations expressly covered by the statute. We can thus perceive of no reasonable justification for excluding from the 60-day provision those defendants who establish their right to a retrial by way of a writ as distinguished from those who establish such right by other legal processes. Such a classification would not reasonably relate to any legitimate public purpose and for that reason would be arbitrary and a denial of equal protection.

Although a strict construction of section 1382 or of our constitutional provision if given the same meaning as section 1382 would result in an unlawful classification, those provisions are not necessarily invalid. ■ "In light of the purposes and history of a particular statute or an overall statutory scheme a reviewing court may correct a discriminatory classification by invalidating the invidious exemption and thus extending statutory benefits to those whom the Legislature unconstitutionally excluded. (See *Baxtrom* v. *Herold* (1966) 383 U.S. 107, 115 [15 L.Ed.2d 620, 625-626, 86 S.Ct. 760]; *People* v. *Smith* (1971) *supra,* 5 Cal.3d 313, 319 [96 Cal.Rptr. 13, 486 P.2d 1213]; *Quong Ham Wah Co.* v. *Industrial Acc. Com.* (1920) 184 Cal. 26, 41 [192 P. 1021, 12 A.L.R. 1190]; *Developments in the Law—Equal Protection* (1969) 82 Harv.L. Rev. 1065, 1136; but see *In re Trummer* (1964) 60 Cal.2d 658, 664 [36 Cal.Rptr. 281, 388 P.2d 177].)" (*Hayes* v. *Superior Court, supra,* 6 Cal.3d

216, 224.)[10]  ▇  We are accordingly compelled to give a meaning to our constitutional provision which is consistent with equal protection requirements and we have reached an interpretation which gives the same protection to all persons who have established the right to retrial following a faulty conviction even though that protection is not expressly provided by statute. A balancing test similar to that suggested in *Barker* v. *Wingo, supra,* 407 U.S. 514 is thus not applicable where, as here, we have already provided fixed time periods in some but not other situations which are not legally distinguishable.

We hasten to note that in other circumstances we may give and in fact have previously given meaning to our constitutional provision which derives from an ad hoc balancing test similar although not identical to that now employed in *Barker.* Such would be the case where the constitutional right to a speedy trial is asserted in circumstances where there are no implementing statutory provisions which might be looked to for guidance in construction or which might compel the same treatment on equal protection grounds.

Thus in *Jones* v. *Superior Court, supra,* 3 Cal.3d 734 we held that a speedy trial was denied on constitutional grounds when there was an untimely delay between the time of the filing of charges and the defendant's arrest. In determining that the right to a speedy trial had been denied by the pre-arrest delay we weighed the prejudicial effect of the delay on the defendant against the justification for the delay and concluded that it was unreasonable in the circumstances. (Cf. *People* v. *Wright* (1969) 2 Cal.App.3d 732 [82 Cal.Rptr. 859].) It appears that the *Barker* balancing test would have compelled the same result we reached in *Jones.*

In the case at bench almost four times the statutory period of 60 days elapsed between the time petitioner was ordered to be rearraigned on the charges to which he had previously entered an invalid guilty plea and the time he made his motion to dismiss. Because petitioner made his motion after the statutory period expired and prior to a date being set for his retrial, the presumption of waiver which is drawn from the failure

---

[10]Prior to 1951 the 60-day provision expressly applied only to the period following the finding of an indictment or the filing of an information. In 1951 (Stats. 1951, ch. 1674, § 140, p. 3856), the statute was amended to include new trials after reversal on appeal, eliminating the force of our holdings in *People* v. *Giesea, supra,* 63 Cal. 345; *People* v. *Lundin, supra,* 120 Cal. 308 and *In re Alpine, supra,* 203 Cal. 731. (See fn. 7, *supra.*) In 1959 (Stats. 1959, ch. 1693, § 3, p. 4093), the statute was again amended to include within the 60-day provision the period following a declaration of mistrial and an order granting a new trial, thus codifying our early decision in the case of *In re Begerow, supra,* 133 Cal. 349.

to object when trial date is set beyond the statutory period is not applicable. (Cf. *People* v. *Wilson, supra,* 60 Cal.2d 139, 146-148.)

The only explanation offered by the People in attempting to meet their burden of showing good cause for the delay is that the personnel of the district attorney's office were not aware of the order to rearraign petitioner until they received notice of petitioner's motions for rearraignment and dismissal. It is clear, however, that the Attorney General was timely served with a copy of the writ and thus *had* notice. ▮ "The Attorney General is the chief law officer of the state and it is his duty to see that the laws of the state are adequately enforced; he has direct supervision over every district attorney and such other law enforcement officers as designated by law in all matters pertaining to the duty of their respective offices—he has charge, as attorney, of all legal matters in which the state is interested. ▮ A speedy trial requires prompt action upon the part of all who are officially concerned, at the least to the extent that adjudication of a defendant's rights shall not be stifled by the procrastination of officials." (*People* v. *Guaracha, supra,* 272 Cal.App.2d 839, 852.) A defendant's rights should likewise not be stifled by the neglect of those officially concerned. (*Jones* v. *Superior Court, supra,* 3 Cal.3d 734, 738; *In re Begerow, supra,* 133 Cal. 349, 355.) We can attribute the failure to take timely action in the instant case only to carelessness or negligence on the part of those officially concerned.[11] Good cause for the undue delay has thus not been established.

The only duty placed upon an accused in protecting his right to a speedy trial is to object when his trial is set for a date beyond the statutory period and then move to dismiss once that period expires, or merely move to dismiss if the statutory period expires without a trial date being set. The petitioner has done this and more. Although not required of him to perfect his speedy trial claim, petitioner in fact repeatedly attempted to remind the authorities of his status and of the need for his retrial, and there are no circumstances which suggest that he waived his right to a speedy trial. The risk of clerical error or neglect on the part of those charged with official action must rest with the People, not the defendant in a criminal action. (*Plezbert* v. *Superior Court* (1971) 22 Cal.App.3d 169, 173 [99 Cal.Rptr. 340].)[12]

---

[11]See section 362 which states: "Every officer or person to whom a writ of habeas corpus may be directed who, after service thereof, neglects or refuses to obey the command thereof, is guilty of a misdemeanor."

[12]The People make much of the fact that petitioner has not shown that the delay has caused any actual prejudice and claim that only the People have been prejudiced since once the original charges against petitioner are dismissed they will be precluded

The People having failed to establish good cause for the untimely delay in rearraigning petitioner for plea, the respondent was compelled to grant petitioner's motion to dismiss the pending charges. Let a peremptory writ of mandate issue directing the dismissal of those charges.

McComb, J., Tobriner, J., Mosk, J., Burke, J., Sullivan, J., and Ford, J.,* concurred.

Petitioner's application for a rehearing was denied May 9, 1973.

---

from refiling a complaint by the applicable statute of limitations. The offenses were alleged to have been committed on April 30, 1969 and the three-year provision of section 800 would normally bar the finding of an indictment or the filing of an information as to the robbery charge after April 30, 1972. Assuming, but not deciding the correctness of the People's position, we note that there is no limitation as to the dismissed charge of kidnaping for the purpose of robbery. (§ 799.) The People also ignore the fact that petitioner has served under an invalid guilty plea the full period of incarceration fixed by the Adult Authority prior to his release on parole.

The necessary dismissal of criminal charges resulting from the failure of the Attorney General to communicate to the district attorney the directions contained in the writ could have been avoided if the district attorney had been directly served. There is no provision, however, which requires service on the district attorney when he is not a party to the action although it is he who is charged with initiating the action directed in the writ. A proper addition to or amendment of the Rules of Court may avoid a similar result in the event of a future breakdown of communications.

*Assigned by the Chairman of the Judicial Council.