Opinion
NEWMAN, J.
—The People appeal from an order of dismissal made pursuant to Penal Code section 1382.[1] Having reviewed the procedural facts of the case (which are undisputed) and the applicable law, we conclude that the order must be affirmed.
Statement of the Case
By misdemeanor complaint filed May 27, 1986, defendant was charged with violating Penal Code section 314, subdivision 1 (indecent exposure). Defendant appeared in court that same day and was referred for psychiatric evaluation pursuant to Penal Code section 4011.6.[2]The case was continued *Supp. 16 for arraignment to June 2 and defendant was remanded on $1,000 bail. No bail was ever posted by defendant throughout the proceedings in this case. On May 29, after evaluating defendant, the mental health clinician of the county jail forensic outpatient program determined that defendant met the Lanterman-Petris-Short criteria for referral to a state facility.[3]
Defendant was arraigned on June 2. A public defender was appointed for him[4] and defendant pleaded not guilty. Jury trial was set for June 18. Defendant was ordered to be personally present for trial. He did not waive his right to a speedy trial then nor did he do so at any subsequent proceeding. He was remanded on $1,000 bail. On June 3 defendant was admitted to Metropolitan State Hospital in Norwalk. The report from the hospital states that defendant completed a 14-day intensive treatment detention period (Welf. & Inst. Code, § 5250) and voluntary treatment under section 6000. He was discharged on July 2.
In the interim, on June 18, the case was called for trial. Defendant was not brought to court that day. His attorney was present. He was remanded on $1,000 bail. The case was thereafter trailed or continued for trial to June 24, to July 1 and to July 2. Defendant was not brought to court on any of those days. His attorney was present on all three days and removal orders were issued by the trial court on all three days. On July 2 the matter was trailed for trial to July 3 over defendant’s objection. On July 3 the case was again called for trial. Defendant was not present. Defendant’s attorney moved for dismissal under Penal Code section 1382. The motion was denied without prejudice to allow the People time to procure evidence to support their contention that computation of time under section 1382 was tolled pursuant to paragraph 7 of Penal Code section 4011.6.[5] Defendant was released on his own recognizance or on condition he sign the OR release *Supp. 17 papers which would be transmitted to him, and the matter was continued to July 7 for further proceedings.
On July 7 argument resumed on defendant’s motion to dismiss and the People presented a letter from a social worker at Metropolitan State Hospital to support their tolling argument. The trial court found the letter to be insufficient under section 4011.6 and granted defendant’s motion. Thereafter, the People filed a timely appeal.
Discussion
Since defendant was in custody at the time of his arraignment and since he did not consent to a delay in his trial, the People were required to commence trial on or before July 2, 1986, unless they could show good cause for a delay (Pen. Code, § 1382) or unless the time limits in section 1382 were tolled by defendant’s commitment to Metropolitan State Hospital (Pen. Code, § 4011.6). The People do not contend that “good cause” existed under section 1382 to try defendant after July 2. Rather, they rely on the tolling provisions of Penal Code section 4011.6 to justify commencing trial after July 2. It is important to note that those tolling provisions specifically require that the person in charge of the commitment facility make a determination that a defendant’s arraignment or trial would be detrimental to his well-being. It thus appears the Legislature concluded that a defendant being a danger to himself or to others or being gravely disabled (Welf. & Inst. Code, §§ 5150 and 5250) are not by themselves sufficient reasons to delay an arraignment or trial, i.e., are not sufficient to toll the time limits in Penal Code section 1382. Therefore, unless and until the necessary determination is made, the People retain their responsibility to bring the defendant to trial within the time constraints of section 1382.
At the hearing on defendant’s motion to dismiss, the People relied on a letter from a staff social worker at Metropolitan State Hospital to bring themselves within the tolling provisions of Penal Code section 4011.6. On appeal, they rely on both that letter and the “patient status report” issued for defendant by Metropolitan State Hospital. The report shows that on the day of his release from Metropolitan, defendant was taking three types of medication. The letter states that defendant’s treating physician and the treatment team “felt that it would have been detrimental to [defendant’s] mental health to be without medication upon his return to jail.” This evidence does not meet the requirements in section 4011.6 to toll the running of the time , limits in section 1382.
*Supp. 18 Under Penal Code section 4011.6, the test is not whether returning the defendant to jail would be detrimental to his well-being; it is whether arraignment or trial would be detrimental. We know of nothing which mandates that a prisoner be held in jail, rather than in the treatment facility, during the duration of his trial. In fact, the language of section 4011.6 shows that the Legislature was aware that some prisoners will be confined in hospitals during their trials. That the local sheriff has a preference for transporting prisoners from jail to the courthouse rather than from Metropolitan State Hospital to the courthouse should not be the defendant’s concern insofar as it affects his rights under section 1382 (Cf. Sykes v. Superior Court (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786, 507 P.2d 90].)
Further, even if the defendant would have had to be housed in county jail during his trial, according to the social worker’s letter it was not the trial but the possible deprivation of his medication which would cause detriment to defendant’s well-being. Yet, the People presented no evidence that such deprivation would have occurred during the 30 days between defendant’s arraignment and July 2, had he been returned to county jail for trial during that time; in fact the record on appeal shows that county jail has a mental health clinician. Accordingly, even if it can be said that under section 4011.6, the phrase “arraignment or trial” includes “necessary return to jail for arraignment or trial,” in the instant case the People failed to show that this defendant’s well-being would be impaired if he returned to jail during his trial.
In addition, assuming arguendo that the letter from the staff social worker and the patient status report did show that bringing defendant to trial during the 30 days after his arraignment would be detrimental to his well-being, section 4011.6 requires that such a determination be made by the person in charge of Metropolitan State Hospital. Even if that person is permitted to delegate his or her responsibility under section 4011.6 (a question which we do not decide in this opinion), there is nothing in the record to indicate that the person in charge of the hospital so delegated it to defendant’s treating physician, the treating team or to the social worker who wrote the letter.
Moreover, the People have not met their “good cause” burden under section 1382. Just as the sheriff’s transportation preferences were not sufficient to toll time limits under section 4011.6, so also do they not constitute good cause for failing to produce defendant on the three appointed days pursuant to the trial court’s removal orders.
*Supp. 19 The order of dismissal is affirmed.
Soven, Acting P. J., concurred.

Penal Code section 1382 provides in pertinent part: “The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:
"... when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment. . . .”

Penal Code section 4011.6 provides in pertinent part: “In any case in which it appears to the person in charge of a county jail, city jail, or juvenile detention facility, or to any judge of a court in the county in which the jail or juvenile detention facility is located that a person in custody in such jail or juvenile detention facility may be mentally disordered, he may cause such prisoner to be taken to a facility for 72-hour treatment and evaluation pursuant to Section 5150 of the Welfare and Institutions Code and he shall inform the facility in writing which shall be confidential, of the reasons that such person is being taken to the facility. The local mental health director or his designee may examine the prisoner prior to transfer to a facility for treatment and evaluation. Thereupon, the provisions of Article 1 (commencing with Section 5150), Article 4 (commencing with Section 5250), Article 4.5 (commencing with Section 5260), Article 5 (commencing with Section 5275), Article 6 (commencing with Section 5300), and Article 7 (commencing with Section 5325) of Chapter 2 and Chapter 3 (commencing with Section 5350) of Part 1 of Division 5 of the Welfare and Institutions Code shall apply to the prisoner.”

 The Lanterman-Petris-Short Act is found in Welfare and Institutions Code section 5000 etseq.

 The docket sheet for defendant’s May 27 appearance does not indicate either that he was represented by counsel then or that counsel was appointed for him on that day. The settled statement notes, however, that the Penal Code section 4011.6 referral form reflects that a deputy public defender was representing defendant.

Paragraph 7 of Penal Code section 4011.6 states: “If a prisoner is detained in a facility pursuant to [articles 1, 4, 4.5, 5, 6. and 7 of chapter 2 of part 1 of division 5] of the Welfare and Institutions Code and if the person in charge of such facility determines that arraignment or trial would be detrimental to the well-being of the prisoner, the time spent therein shall not be computed in any statutory time reqirements for arraignment or trial in any pending criminal or juvenile proceedings. Otherwise, nothing contained herein shall affect any statutory time requirements for arraignment or trial in any pending criminal or juvenile proceedings.”
Here, defendant’s 14-day intensive treatment detention period at Metropolitan State Hospital was pursuant to article 4.