[No. B056356. Second Dist., Div. Three. May 13, 1991.]

JOHN BARRY JACKSON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Norman Kava and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Ira Reiner, District Attorney, Donald J. Kaplan and George G. Size, Deputy District Attorneys, for Real Party In Interest.

## Opinion

**THE COURT.**[*]—John Barry Jackson, an incarcerated defendant, seeks a writ of mandate directing the respondent court to dismiss all charges because trial was continued beyond the statutory time period (Pen. Code, § 1382),[1] thereby depriving him of the right to speedy trial. Because the delay was the result of official conduct not justified by good cause, we grant the writ.

### Background

After numerous continuances, the trial was set on February 11, 1991, the last day to which the parties had agreed for extension of the statutory time

---

[*]Before Klein, P. J., Danielson, J., and Croskey, J.
[1]All statutory references are to the Penal Code.

period. When Jackson's case was called for trial, at 11:30 a.m. on February 11, 1991, defense counsel was in the courtroom. Jackson was not present because the sheriff had not transported Jackson to court until approximately 11:15 a.m. When the case was called Jackson was retained in a general holding area of the courtroom. Jackson was taken to the holding cell adjacent to the courtroom at noon. By that time trial had been continued over defense counsel's objection. The court found good cause to delay trial because "Sheriff fails to deliver defendant to court." The court commented that a defendant's presence was needed by 9:30 a.m. in order to "make arrangements" to find a civil court to try a criminal case.

Jackson's motion to dismiss pursuant to section 1382 was denied on February 13, 1991. This petition was timely filed on February 21, 1991. After we notified the parties we were considering granting the petition, we received opposition from People and a reply from defense counsel.

## DISCUSSION

■ The right to speedy trial is a fundamental right designed " 'to protect those accused of crime against possible delay, caused either by willful oppression, or the neglect of the state or its officers.' " (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 738 [91 Cal.Rptr. 578, 478 P.2d 10].) A defendant's right to speedy trial cannot be stifled by procrastination or neglect by public officials. (*Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786, 507 P.2d 90].)

### 1. *The Proposed Plea Bargain*

In attempting to excuse the delay of Jackson's trial, People contend the defense was not actually and unconditionally ready for trial. The contention is based upon a "proposed disposition" which defense counsel had not discussed with Jackson. In other words, defense counsel could not announce ready for trial because a plea bargain had been offered. The contention is based upon pure speculation as to Jackson's acceptance or rejection of the proposed plea bargain prior to trial. Under People's theory, the mere offer of a plea bargain would automatically extend the statutory time period for the beginning of trial. There is no authority for the contention. The transcript of the proceeding reveals defense counsel's objection to the continuance and an apparent readiness for immediate trial. Whether Jackson would have accepted or rejected the plea bargain proposed by People is irrelevant as the trial was continued over objection before Jackson was brought to the courtroom. The only reasons for delay established on the record were the

sheriff's failure to make Jackson available for trial in a timely manner and the trial court's failure to inquire whether a civil courtroom could be made available.

## 2. *Priority of Criminal Matters*

Section 1050, subdivision (a), gives priority to criminal matters "without regard to the pendency of, any civil matters or proceedings." Absent exceptional circumstances, court congestion does not constitute good cause for delay. (*Arreola* v. *Municipal Court* (1983) 139 Cal.App.3d 108, 114 [188 Cal.Rptr. 529]; *Rhinehart* v. *Municipal Court* (1984) 35 Cal.3d 772, 782 [200 Cal.Rptr. 916, 677 P.2d 1206].) The trial judge stated Jackson's trial must be delayed because a defendant must be present in his courtroom no later than 9:30 a.m. for assignment to a courtroom in order to avoid interruption of civil trials in progress. The validity of the court's policy need not be addressed as there was no showing assignment of this case for trial in a civil court would, in fact, interrupt a civil trial in progress. No inquiry as to the availability of a civil court was made.

## 3. *Logistical Considerations*

Approximately 2,000 inmates of the Los Angeles County jail are transported to and from court appearances each day. (*People* v. *Gonzalez* (1990) 51 Cal.3d 1179, 1259, fn. 55 [275 Cal.Rptr. 729, 800 P.2d 1159].) People contend the sheriff's department cannot deliver defendants to court at any particular time.

The contention is irrelevant.

The risk of delay caused by those charged with official action rests with People, not the defendant. (*Sykes* v. *Superior Court, supra,* 9 Cal.3d at p. 84.)

### CONCLUSION

Two factors caused the delay of trial: The sheriff's failure to timely transport Jackson to court and the judge's unilateral policy of requiring defendants to be in court no later than 9:30 a.m. for assignment to a trial court. Neither factor was the result of conduct by Jackson or his

counsel. ■ ■ We therefore must grant the petition and order dismissal of the charges.[2]

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to enter an order dismissing the charges in Los Angeles Superior Court Case No. BA-024820, entitled People v. John Barry Jackson.

---

[2]Dismissal for violation of the right to speedy trial does not bar refiling of the charges. (*People* v. *Orin* (1975) 13 Cal.3d 937, 946-947 [120 Cal.Rptr. 65, 533 P.2d 193].)