Filed 5/18/26

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

| | |
|---|---|
| BOBBY NUANMANEE,<br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF SISKIYOU COUNTY,<br>        Respondent;<br><br>THE PEOPLE,<br>        Real Party in Interest. | C105413<br><br>(Super. Ct. No. 24CM10602) |

ORIGINAL PROCEEDING in Mandate.  Stay issued.  Petition granted.  Kendall Hannon, Judge.

Lael Kayfetz, Public Defender, and Andrew Aronsohn, Deputy Public Defender, for petitioner.

No appearance for respondent.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Charlotte Woodfork, Galen N. Farris, and Henry J. Valle, Deputy Attorneys General, for real party in interest.

Petitioner Bobby Nuanmanee asserts his misdemeanor case was continued past the statutory speedy trial deadline set forth in Penal Code section 1382[1] without good cause.

---

[1]        Undesignated statutory references are to the Penal Code.

1

We agree that his right to a speedy trial was violated, and the action should have been dismissed. We therefore grant the petition.

BACKGROUND

Nuanmanee is charged with misdemeanor counts of Vehicle Code section 23152, subdivisions (a) and (b), in Siskiyou County Superior Court case no. 24CM10602. He withdrew his time waiver on October 20, 2025.[2] A jury trial was initially scheduled for November 17, 2025.

On October 31, 2025, the court found good cause to grant the prosecution's motion to continue the trial over Nuanmanee's objection. The superior court set a trial date of December 15, 2025, the last day in which to commence trial pursuant to section 1382, subdivision (a)(3).

On Monday, December 15, 2025, Nuanmanee was ready to proceed to trial. The trial court heard argument and ruled on various motions in limine. However, a jury was not available due to the court's "new" policy to reserve Mondays for final arguments and other matters and begin juror empanelment on Tuesdays. Nuanmanee objected to any continuance and moved to dismiss the case. The court denied the motion, finding good cause to continue the trial to the next day for jury selection.

On December 16, 2025, Nuanmanee made an oral motion to dismiss his case on speedy trial grounds. The court denied the motion, finding that trial commenced on December 15, when "the wheels of trial were set in motion." The court also noted that the basis for the current policy of empaneling jurors on Tuesdays was based on the public defender's office's practice of resolving cases on the day of trial. With that in mind, in

---

**2**     We note that due to a critical shortage of court reporters, the audio portion of the proceedings in the underlying case were electronically recorded. Counsel for Nuanmanee has provided an official transcript for October 31 and counsel's own transcription for additional proceedings. In issuing this decision, we rely on the court's orders, official transcripts, and the parties' agreement of the facts.

addition to the fact that the delay was only for a single day, there was good cause to deny the motion and continue the trial.

Jury selection began on December 16, 2025, but the court found the panel was contaminated by statements from a prospective juror and could not go forward. The court reset the trial date to January 6, 2026.

On December 31, 2025, Nuanmanee filed a petition for writ of mandate in this court. On January 5, 2026, this court stayed the trial pending further order by this court. On February 3, 2026, we construed the petition for writ of mandate as challenging the trial court's ruling on the motion to dismiss the case on December 16, 2025, and issued an order to show cause to this court why the relief requested should not be granted. The stay of trial issued January 5, 2026, remains in effect.

DISCUSSION

A criminal defendant has both a constitutional and statutory right to a speedy trial. (*People v. Martinez* (2000) 22 Cal.4th 750, 754, 766.) Section 1382 is "one of the principal provisions implementing California's statutory right to a speedy trial." (*People v. Sutton* (2010) 48 Cal.4th 533, 537.) The statute "prescribes certain time periods within which a criminal defendant must be brought to trial." (*Mendoza v. Superior Court* (2024) 103 Cal.App.5th 865, 870.)

In a misdemeanor or infraction case, if the defendant is not brought to trial within either 30 days (if in custody) or 45 days (if not in custody) after a triggering event, such as arraignment, "The court, unless good cause to the contrary is shown, shall order the action to be dismissed." (§ 1382, subd. (a)(3).)[3] The prosecution bears the burden of

---

[3] This general rule, however, is subject to three exceptions. (§ 1382, subd. (a)(3)(A)-(C).) As potentially relevant here, if the defendant, after proper notice to all parties, later withdraws, in open court, his or her waiver in the superior court, the defendant shall be brought to trial within 30 days of the date of that withdrawal. (§ 1382,

3

demonstrating good cause for any delay.  (*Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 780-781 (*Rhinehart*).)

Our Supreme Court has "consistently held that a defendant's preferred remedy for pretrial review of a denial of his right to speedy trial is a petition for mandate or prohibition."  (*People v. Johnson* (1980) 26 Cal.3d 557, 573, fn. 18, citing *People v. Wilson* (1963) 60 Cal.2d 139, 149-150.)  "No affirmative showing of prejudice is necessary to obtain a dismissal for violation of the state constitutional speedy trial right as construed and implemented by statute.  (*Sykes v. Superior Court* (1973) 9 Cal.3d 83, 89.)"  (*People v. Martinez, supra*, 22 Cal.4th at p. 766, italics omitted.)  As stated in *Serna v. Superior Court* (1985) 40 Cal.3d 239, 264:  "Extraordinary writ review of a misdemeanor defendant's motion to dismiss made on speedy trial grounds is … necessary because appeal does not afford an adequate remedy for redress of these violations. … [T]he public fisc will be spared the expense of a futile trial and consequent appeal; and an effective means by which to enforce the right to speedy trial will exist."

In this case, the trial prosecutor agreed he was obligated to bring Nuanmanee to trial by or on December 15, 2025.  Absent an exception, none of which are identified here, the statute allows for a maximum of 45 days in which to bring him to trial.  (§ 1382, subd. (a)(3).)  Thus, we agree that December 15 was the last day for statutory compliance.

A.  Nuanmanee was not brought to trial on December 15.

In denying Nuanmanee's motion to dismiss the case on December 16, the court found that trial "did start" on December 15 in that the "wheels of trial were set in motion."  Real party in interest agrees with this conclusion and contends that the hearing on December 15 involved in limine motions, evidentiary issues, and discussions on jury

---

subd. (a)(3)(A).)  Although he withdrew his time waiver, Nuanmanee does not claim this exception applies.

4

instructions. The goal of the hearing, real party in interest asserts, was to discuss any final matters before a jury was summoned and sworn and that "the court had committed its resources to the case." Nuanmanee disagrees, contending that a trial court cannot hear a case when a jury has not been summoned. When there is a complete absence of jurors, Nuanmanee asserts, a "vital element" to undertaking a trial is missing and it cannot be said that a defendant has been "brought to trial" under those circumstances.

Whether Nuanmanee had been brought to trial within the meaning of section 1382 is a question of law that we review independently. (*Burgos v. Superior Court* (2012) 206 Cal.App.4th 817, 824.)

We find *Rhinehart, supra*, 35 Cal.3d 772 and *People v. Hajjaj* (2010) 50 Cal.4th 1184 (*Hajjaj*) instructive. In *Rhinehart*, the trial court confirmed to the parties that a jury would be empaneled on the last day of the statutory limit, but that trial would be delayed several days due to the court's obligations in another trial. The court explained that this procedure would be followed in order to avoid dismissal under section 1382. Over defense objection, the court proceeded with jury selection, subsequently directing the jurors to return several days later. (*Rhinehart*, at pp. 775-776.)

In considering whether the defendant had been "brought to trial" within the meaning of section 1382 by virtue of the empanelment of the jury, the Supreme Court acknowledged that the phrase " 'brought to trial' " lacked a " 'talismanic' " meaning. (*Rhinehart, supra*, 35 Cal.3d at p. 777.) The court ultimately concluded that "an accused is 'brought to trial' within the meaning of section 1382 when a case has been called for trial by a judge who is normally available and ready to try the case to conclusion. The court must have committed its resources to the trial, and the parties must be ready to proceed and a panel of prospective jurors must be summoned and sworn." (*Id*. at p. 780, fn. omitted.) Applying this standard to the case, the *Rhinehart* court held that the defendant had not been "brought to trial" on the last permissible day, because the jury was only empaneled in order to avoid dismissal and the court was not "available or ready

5

to try the case to conclusion." (*Ibid*.) Rather, the trial court always intended to recess for several days so it could complete another trial.

The court explained its approach as to whether an accused has been "brought to trial" gives substance to the rights embodied in section 1382. "By not mechanically focusing only on a precise point in the proceedings but looking also to the trial court's availability and readiness to try a case, the [] approach discourages trial courts from merely paying lip service to the legislative mandate embodied in section 1382." (*Rhinehart, supra*, 35 Cal.3d at p. 779.) The court further noted that "[i]f a trial court could impanel a jury and delay a trial days or even weeks, then the statutory guarantee of a speedy trial would be rendered a nullity, and an accused's rights under section 1382 would be eviscerated. This court should not encourage imaginative ways to avoid the clear intent of the Legislature as enunciated in the Penal Code." (*Ibid*.)

In *Hajjaj*, both sides indicated they were ready for trial on the last day of the statutory limit but there were no courtrooms available. The defendant objected to any further delay and moved for dismissal. (*Hajjaj, supra*, 50 Cal.4th at p. 1191.) At 4:15 p.m. that day, the court received information that a criminal trial had just been completed at a different branch in the county, roughly an hour and 20 minutes away. The prosecutor suggested " 'that the court could send the case out at this point in time. … We would be ready. There would be a courtroom available, provided there is a jury available." The court disagreed. (*Id.* at p. 1192.)

In granting the defendant's motion to dismiss, the court explained: " 'With respect to the courtroom that became available at 4:30 [(the court subsequently acknowledged that the time had been 4:15)] … , as I understand the law, we don't start a trial by having a prosecutor appear … when the defense lawyer can't be there and the defendant can't be there … . It would have been highly artificial to say that the trial started just because the prosecutor assigned to the [other] office, knowing nothing about the particular trial, showed up in court and said, "I'm a prosecutor," and it doesn't — it's not the same as

6

starting a trial. [¶] So if that courtroom had been available an hour and a half prior, then, you know I would have had people on the road.' " (*Hajjaj, supra*, 50 Cal.4th at pp. 1192-1193, italics omitted.) The People elected to pursue an appeal from the dismissal of the charges involved in the proceedings. (*Id.* at p. 1193.)

Applying the decision in *Rhinehart*, the *Hajjaj* court disagreed that the defendant would have been "brought to trial" on the last day of the statutory period if, at 4:15 p.m. on July 28, 2008, the trial court had assigned the case to the other branch for trial. Although another county courtroom and a judge were no longer occupied with other court proceedings, "they were not available to commence defendant's trial in any meaningful sense, because defendant and his attorney (along with the assigned prosecutor) could not, before the close of business on the last day of the statutory period, travel to the distant [] courthouse" from the court they had been required to appear and remain throughout the day to await a courtroom. (*Hajjaj, supra*, 50 Cal.4th at p. 1196.)

The *Hajjaj* court reiterated, "The *Rhinehart* decision teaches that section 1382 requires more than mere lip service to the fundamental right to a speedy trial; it requires that the elements vital to undertaking a trial be present. One of these vital elements is the presence of the parties and their counsel. In order to commence trial, the parties must be 'ready to proceed.' " (*Hajjaj, supra*, 50 Cal.4th at p. 1196.) The court stated that "logically, a party is not ready to proceed if he or she cannot be present in the courtroom, along with counsel." (*Ibid.*) The court concluded that "[t]o declare that defendant could have been 'brought to trial' within the meaning of section 1382 on the last day of the statutory period under the circumstances of the present case would be to accord significance to a 'mere device to avoid the impact of the statute.' [Citation.] Through no fault of the defense, defendant and defense counsel could not be 'ready to proceed' in the [other] court; there could be no ' "good faith start." ' " (*Id.* at p. 1197.)

Applying *Rhinehart* and *Hajjaj* to the instant case, we similarly reach the conclusion that Nuanmanee was not "brought to trial" within the statutory time limit.

7

Due to the court's policy, it was impossible for a jury to be empaneled on December 15 — the last possible day for the commencement of trial within the statutory time limit. Thus, through no fault of Nuanmanee, one of the "elements vital to undertaking a trial" was and could not be present and there could be no " ' "good faith start." ' " (*Hajjaj, supra*, 50 Cal.4th at pp. 1196, 1197.)

We are not persuaded by the People's contention that by hearing motions in limine and discussing evidentiary issues and jury instructions the court indicated its readiness to try the case by committing its resources to it. To commence trial within the meaning of section 1382, the "court must have committed its resources to the trial, *and the parties must be ready to proceed and a panel of prospective jurors must be summoned and sworn*." (*Rhinehart, supra*, 35 Cal.3d at p. 780, italics added.) We fail to see how the parties could be ready to proceed to a jury trial in any meaningful way without the availability of a jury. Indeed, setting the jury trial date on a date that no jury could be empaneled then claiming to start the trial by discussing last minute trial issues and procedures appears to be "mere lip service to the fundamental right to a speedy trial" (*Hajjaj, supra*, 50 Cal.4th at p. 1196), and constitutes an "imaginative way[] to avoid the clear intent of the Legislature as enunciated in the Penal Code." (*Rhinehart*, at p. 779.) This is a practice we refuse to sanction.

B.  Good Cause was not Established.

We next consider whether "good cause" within the meaning of section 1382 exists to justify denying the motion and continuing the matter. "Whether or not good cause exists depends upon the circumstances of the case." (*Rhinehart, supra*, 35 Cal.3d at p. 781.) "Section 1382 does not define 'good cause' as that term is used in the provision, but numerous California appellate decisions that have reviewed good-cause determinations under this statute demonstrate that, in general, a number of factors are relevant to a determination of good cause: (1) the nature and strength of the justification for the delay, (2) the duration of the delay, and (3) the prejudice to either the defendant or

8

the prosecution that is likely to result from the delay." (*People v. Sutton, supra*, 48 Cal.4th at p. 546.)

"[A] broad variety of unforeseen events may establish good cause under section 1382." (*Hajjaj, supra*, 50 Cal.4th at p. 1198.) For example, the courts agree, that "delay caused by the conduct of the defendant constitutes good cause to deny his motion to dismiss. Delay for defendant's benefit also constitutes good cause. Finally, delay arising from unforeseen circumstances, such as the unexpected illness or unavailability of counsel or witnesses constitutes good cause to avoid dismissal." (*People v. Johnson, supra*, 26 Cal.3d at p. 570, fn. omitted.) However, delay attributable to the fault of the prosecution or caused by court congestion or improper court administration does not constitute good cause. (*Ibid.*) " ' " '[U]nreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the State's criminal-justice system are limited and that each case must await its turn.' " ' " (*Hajjaj*, at p. 1198.) We review the court's good cause determination for abuse of discretion. (*Id*. at pp. 1197-1198.)

Here, it is quite evident that improper court administration was the cause of the delay. As stated in the minute order, "The Court[']s current practice made it unable to bring defendants to trial on 12/15/25." The court then found good cause to deny the motion to dismiss and continue the trial based on the fact that it was only a delay of one day and on the observation that "[t]he Court[']s current practice is in play due to the Public Defender's office continuously resolving cases on day of trial, which burns Jurors and Jury panels being lost and in a small county with a small jury poll, not feasible for the Court."

The court's comments blaming the public defender's office for the court's policy that purportedly justifies the denial of Nuanmanee's right to a speedy trial are not well-taken. " 'Plea negotiations and agreements are an accepted and "integral component of the criminal justice system and essential to the expeditious and fair administration of our

9

courts." [Citations.] Plea agreements benefit that system by promoting speed, economy, and the finality of judgments.' " (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 992.) We have found no authority for the suggestion that the generally inflexible statutory deadline for trial must bend to the timing of case resolutions as exhibited by a general practice. Nor have we found any support for the proposition that an office's practice of resolving cases on the day of trial, even at the expense of losing jury panels, justifies a good cause determination under these circumstances. While we acknowledge that an individual defendant may delay trial for his or her benefit and that delay may constitute good cause, nothing on the record indicates that Nuanmanee himself caused the delay for purposes of case settlement or delayed in any other way to his benefit. Rather, the delay was due to the court's policy, which was an administrative response to apparent court culture.

The court's justification of the policy of failing to summon jurors on Mondays is, by the court's own words, in response to a chronic problem. It is the state's obligation to resolve the routine logistical difficulties it faces in bringing defendants to trial in a timely manner. (*Hajjaj, supra*, 50 Cal.4th at p. 1203.) Whatever the legitimacy of the court's policy, it must be reconciled with a defendant's right to speedy trial. If the last permissible day to bring a no time waiver case to trial falls on a Monday, when it would be impossible to empanel a jury, steps must be taken to bring the defendant to trial before that day or the prosecution risks dismissal. The "failure to account for routine and constant circumstances cannot be compared with the events ordinarily underlying a finding of good cause under section 1382, such as actions on the part of the defendant that cause delay, or unexpected or one-time occurrences such as the sudden illness of defense counsel or failure to appear by a witness who has been subpoenaed to testify." (*Hajjaj*, at pp. 1201-1202.)

We conclude no good cause existed to justify continuing trial over Nuanmanee's objection beyond the presumptive statutory period.

# DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate the order of December 16, 2025, in superior court case No. 24CM10602, denying Nuanmanee's section 1382 motion to dismiss, and to thereafter issue a new order granting that motion.  This decision shall be final as to this court five court days after the filing of the opinion.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)  The stay of trial issued by this court on January 5, 2026, is vacated upon issuance of the remittitur.  (Cal. Rules of Court, rule 8.490(d).)


/s/ _____
EARL, P. J.

We concur:


/s/ _____
ROBIE, J.


/s/ _____
MAURO, J.


11